No. 14367

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

_____

IN THE MATTER OF

CLOYCE GILBERT LITTLE LIGHT,

Petitioner.

_____

ORIGINAL PROCEEDING:

Counsel of Record:

For Appellant:

Towe, Ball, Enright and Mackey, Billings, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana

James Seykora, County Attorney, Hardin, Montana

_____

Submitted: April 25, 1979

Decided: JUL 16 1979

Filed: JUL 16 1979

_____
Thomas J. Kearney
                                    Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This is an original petition for a writ of habeas corpus by Cloyce Gilbert Little Light, an inmate of the State Prison serving a 25-year sentence for rape.

On receipt of the petition we referred it to the sentencing court for determination in the first instance. The District Court of Big Horn County held an evidentiary hearing thereon on October 11, 1978. The District Court issued findings of fact, conclusions of law and an order denying the petition on November 20, 1978. A week later we issued an order to show cause why the petition should not be dismissed. Thereafter a transcript of the District Court's evidentiary hearing was filed on March 15, 1979, briefs were filed by counsel and the matter submitted to this Court for decision on April 25, 1979.

The underlying crime for which petitioner was convicted and sentenced was the forcible rape of an elderly woman in Hardin, Montana, on March 31, 1964. Petitioner, 19 years old at the time, was taken into custody on the Crow Reservation the following day by sheriff's deputies of Big Horn County and jailed in Hardin. He was arraigned before a justice of the peace, waived preliminary hearing, and was bound over to the District Court.

On April 9, an Information was filed against petitioner charging him with the crime of rape. The minutes of the court disclose that petitioner was arraigned on that date; waived his right to counsel and trial by jury; and entered a plea of guilty. The minutes disclose that the court desired more time for evidence to be secured, set the time for pronouncing judgment on April 23, and fixed bail in the sum of $3,000.

On April 23 defendant again appeared before the District Court, requested more time, and indicated he would be able to

secure counsel. Further proceedings were continued to May 7. On that date petitioner again appeared without counsel, and the court appointed an attorney to represent him. Petitioner was rearraigned with counsel, and the matter continued to May 21.

On May 21 petitioner appeared with court appointed counsel before the District Court. The minutes of the court disclose that he "requested the court to grant him some additional time (an hour or so) and at this time the court set the continuance of the hearing at 1:30 o'clock p.m. this same date, May 21, 1964."

At 1:30 p.m. on May 21, 1964, witnesses were sworn and testified. Petitioner again entered a plea of guilty. Petitioner was sentenced to 25 years in the State Prison and is presently serving that sentence.

The gist of the present petition is twofold: (1) The state District Court lacked jurisdiction, and (2) petitioner was denied substantive and procedural due process in the state court proceedings.

Petitioner contends that the crime with which he was charged, convicted and sentenced occurred on the Crow Reservation in "Indian Country" and was therefore under the exclusive criminal jurisdiction of the United States. He cites the Fort Laramie Treaty of 1868 with the Crow Tribe, 15 Stat. 649, and argues that the subsequent removal of the City of Hardin from the Reservation by Act of Congress is "null and void for lack of constitutionality."

This contention cannot be sustained. It is directly contrary to the decision of the United States District Court in Hawkins v. Crist, (January 27, 1978), CV-76-99-BLG. That decision held that the agreement between the Crow Tribe and the United States ratified by Act of Congress of April 27, 1904, 33 Stat. 352, wherein the Tribe agreed to "cede, grant and relinquish" the tract of land in question, disestablished this tract as "Indian Country"

-3-

thereby rendering it subject to state criminal jurisdiction. The City of Hardin, where the crime occurred, simply is not within the exterior boundaries of the Crow Reservation.

Additionally, petitioner contends that the District Court lacked jurisdiction because he was arrested illegally on the Crow Reservation. Petitioner argues that the Organic Act of the Territory of Montana and the Enabling Act of the State of Montana recognize the provisions of the Fort Laramie Treaty of 1868 which prohibits the intrusion of state law enforcement authorities onto the Crow Reservation and provides a mandatory form of extradition procedure which was not followed in arresting petitioner.

Petitioner's contention lacks merit. The Crow Tribe had no extradition procedures. State ex rel. Old Elk v. District Court (1976), 170 Mont. 208, 552 P.2d 1394. Old Elk further held that the arrest of an Indian on a reservation for crime committed off the reservation was a valid arrest.

Petitioner's contention that he was denied substantive and procedural due process in the District Court proceedings is bottomed on two propositions: (1) That petitioner's plea of guilty was not voluntary, and (2) that the absence of a court reporter and a verbatim transcript of his arraignment, entry of plea and sentencing precludes meaningful review.

The requirements of verbatim records of arraignment, plea and sentencing in criminal proceedings are of recent origin, State ex rel. Biebinger v. Ellsworth (1966), 147 Mont. 512, 415 P.2d 728. Any attempt to make them retroactive to cover this 1964 proceeding violates the principles set forth in Highpine v. Estelle (9th Cir. 1972), 470 F.2d 721.

Although this proceeding is labeled a petition for a writ of habeas corpus, the focus of petitioner's complaint is

-4-

that his plea was not voluntary. The record discloses no evidence to support this other than the testimony of petitioner himself, while the record is replete with evidence that his plea of guilty was voluntary. At the evidentiary hearing, the presiding district judge found petitioner's testimony "incredulous." The credibility of witnesses is a matter to be determined by the trial court. State v. Kirkaldie (1978), ___Mont.___, 587 P.2d 1298, 35 St.Rep. 1532.

Petitioner argues that our decision in State v. Azure (1977), ___Mont.___, 573 P.2d 179, 34 St.Rep. 1569, requires the trial judge to inquire into specific matters in regard to a guilty plea to insure the voluntariness of that plea. Such requirements are not to be applied retroactively. Boykin v. Alabama (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d. 274; Highpine v. Estelle, supra.

The District Court's denial of leave to withdraw a plea of guilty can be overturned only if it abused its discretion. State v. Lewis (1978), ___Mont.___, 582 P.2d 346, 35 St.Rep. 1089. Here the District Court held an evidentiary hearing and concluded that the plea of guilty was voluntary. There is substantial evidence in the record to support this finding.

Petitioner was sentenced over fifteen years ago. Most of the principal witnesses are dead. Some cannot be located. Petitioner's claim must stand or fall on the record before us. In this case a meaningful review can be accomplished on the record, and the claims now raised by petitioner are demonstrably without merit.

We have examined the other contentions of petitioner and find them to be without merit and unnecessary to discuss in detail in this opinion.

-5-

For the foregoing reasons, the petition for writ of habeas corpus by Cloyce Gilbert Little Light is denied and dismissed.

_Frank I. Haswell_
Chief Justice

We concur:

_Gene B. Daly_

_John Conway Harrison_

_John C. Sheehy_
Justices

-6-