Lawrence La Vern SOBER,
Petitioner-Appellant,

v.

Roger W. CRIST, Warden, Montana State Prison, and Michael T. Greely, Attorney General, State of Montana, Respondents-Appellees.

No. 79–2674.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 2, 1980.

Decided May 7, 1981.

---

Jon M. Steele, Boise, Idaho, argued, for petitioner-appellant.

Mary B. Troland, Helena, Mont., for respondents-appellees.

Before ALARCON and CANBY, Circuit Judges, and HOFFMAN *, District Judge.

PER CURIAM:

After exhausting his state court remedies, appellant petitioned the United States District Court for the District of Montana for habeas relief, which was denied without a hearing. Appellant, who pled guilty on the advice of appointed counsel to attempted nonconsensual sexual as-

sault and was sentenced to 10 years, alleged violation of several constitutional rights, most of which Judge Battin correctly found to be foreclosed by his plea under *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). *Tollett*, however, leaves two violations open to protest even after a guilty plea: "The focus of federal habeas inquiry is the nature of the advice [of counsel] and the voluntariness of the [guilty] plea, not the existence as such of an antecedent constitutional infirmity." *Id.* at 266, 93 S.Ct. at 1608. Judge Battin's opinion did not address the former issue and only dealt with the coercion aspect of the latter, ignoring appellant's contention that his plea was unintelligent because he did not understand the nature or elements of the crime to which he was admitting guilt. The record does not show whether counsel was effective or not. While it demonstrates that the court never advised appellant of the elements of the crime, it casts no light on whether his attorney did so prior to the plea. This court therefore is compelled to vacate the summary judgment for appellee and remand for a hearing on the issues of effectiveness of counsel and whether Sober's plea was voluntary in the sense of being an intelligent plea.

Appellant on remand will have an opportunity to "demonstrate that the advice [of his counsel] was 'not within the range of competence demanded of attorneys in criminal cases.'" *Tollett, supra*, at 266, 93 S.Ct. at 1608 (citing *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970)). But the test of *McMann* is not "whether a court would retrospectively consider counsel's advice to be right or wrong, . . . ." *McMann, supra*, at 771, 90 S.Ct. at 1449. Appellant made specific allegations of ineffectiveness: confusion as to the maximum sentence until just as the hearing began, too little time spent with appellant to elicit the facts from him, and failure to advise him of the elements of attempt— particularly, specific intent—or the defens-

---

* The Honorable Walter E. Hoffman, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

es to it, such as abandonment or intoxication. His attorney was aware of the facts that might negate specific intent or constitute a defense, as was clear from his statements at the sentencing.[1] He may or may not have told Sober of the significance of those facts in relation to the law before he entered his plea. A hearing would allow the facts necessary to evaluate his attorney's competence to be developed.

In addition, a hearing is needed to determine whether Sober's plea was intelligent. "Moreover because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts," which entails an "understanding of the essential elements of the crime charged, including the requirement of specific intent . . . ." *McCarthy v. United States*, 394 U.S. 459, 466, 471, 89 S.Ct. 1166, 1171, 1173, 22 L.Ed.2d 418 (1969) (Applying Rule 11). The same requirement was applied to a state prisoner in *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), who had been indicted for first-degree murder but plea-bargained a second-degree murder plea. His plea was involuntary because the federal habeas court found after a hearing that he was never told, by court or counsel, that intent to cause death was an element of second-degree murder. This was so even though the Supreme Court assumed "overwhelmingly evidence of guilt", the "competence of counsel", and

"the wisdom of their advice to plead guilty", *id.* at 644, 96 S.Ct. at 2257. A plea cannot be voluntary in the constitutional sense of "constitut[ing] an intelligent admission that he committed the offense unless the defendant received 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process,'" *id.* at 645, 96 S.Ct. at 2257–58. The Court did not hold that every element must be explained— "[W]e assume it does not," *id.* at 647 n. 18, 96 S.Ct. at 2258 n. 18—but found "intent is such a critical element of the offense of second-degree murder that notice of that element is required,"[2] *id.* The record need not necessarily show that every element of the crime was explained in detail to defendant, but it will normally show an explanation of the charge by the judge or a representation by counsel that he explained it, and it "may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit," *id.* at 647 & n.18, 96 S.Ct. at 2258 & n.18. Sober's attorney stated to the court on two occasions that Sober had read the information and the attorney had explained it to him. It may well be found on remand that he did explain the elements of the charge and the possible defenses in sufficient detail for Sober to understand them well enough to plead guilty intelligently.[3] The United

---

1. His attorney told the court at sentencing that Sober was drunk at the time of the attempt; that it was merely an escapade that Sober "at no time has indicated to me did he really assault anyone;" and that Sober was just "a lonely man . . . [whom] liquor caused . . . to make amorous advances. . . ." Sober claims also to have told his attorney that he left as soon as the victim screamed and rejected his advances.

2. Specific intent would seem to be a critical element of attempt. Although the statute defining attempt does not refer to specific intent to commit the target crime, such intent was an element of the common-law crime and most courts read those missing elements into statutory definitions of common-law crimes, absent clear legislative intent to the contrary. *See Morrissette v. United States*, 342 U.S. 246,

72 S.Ct. 240, 96 L.Ed. 288 (1952) (Specific intent read into federal general larceny statute).

3. The accused should be made aware of possible defenses, at least where the attorney or court is made aware of facts that would constitute such a defense. *Thundershield v. Solem*, 565 F.2d 1018, 1028 (8th Cir. 1977). *Henderson* has also been interpreted as requiring, like Rule 11, that a court lay the factual groundwork for the elements prior to accepting the plea because "some information about the facts is necessary to an assessment of whether the accused understood 'the law in relation to the facts' . . . ." *United States v. Johnson*, 612 F.2d 305, 308, 309 (7th Cir. 1980) ("[T]he facts alleged did not demonstrate, and the prosecution did not even contend, that either [defendant] had specific intent [to commit the crimes

States District Court for the District of Montana held on an earlier occasion that if neither the court nor his attorney explained to a state prisoner the difference between first and second-degree burglary his plea would be involuntary because based on ignorance.[4] A mere reading of the charge would not suffice, absent an explanation to defendant on or off the record, of the law in relation to the facts. *Jones v. Montana*, 235 F.Supp. 673, 677–79 (D.Mont.1964). Such a determination cannot be made in a case such as this without a hearing. *Id.* at 677.

▆▆▆ A hearing should not be denied when "the specific and detailed factual assertions of the petitioner, while improbable, cannot at this juncture be said to be incredible," unless the motion, files, and record conclusively belie petitioner's claim. *Machibroda v. United States*, 368 U.S. 487, 496, 494–95, 82 S.Ct. 510, 514, 513–14, 7 L.Ed.2d 473 (1962). If the record shows no explanation of the charge to petitioner and the state contends he received one in private, but he denies it and the state cannot prove it was given, a hearing must be held. *Burden, supra*, 584 F.2d at 102. Here, no state court ever held an evidentiary hearing on Sober's charges. As the lower court here

stated in an earlier case, where a state prisoner makes direct, positive allegations of fact, a hearing "must be held in federal courts if the state courts do not investigate and hear the claim as required by *Townsend v. Sain*, [372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963)]." *Jones v. State*, 232 F.Supp. 771, 779 (D.Mont.1964). *Accord, Jones, supra*, 235 F.Supp. at 677; *see also Allison v. Blackledge*, 533 F.2d 894, 897 (4th Cir. 1976). Such a hearing in Sober's case is needed to determine the interrelated issues of the effectiveness of his counsel's representation and whether his plea was intelligent as based on an explanation of the charges and defenses outside the courtroom.

Vacated and remanded for further proceedings in accord with this opinion.

---

charged].") *See, e. g., Harned v. Henderson*, 588 F.2d 12, 23 (2d Cir. 1978) (Physical injury, essential element of first-degree burglary, not explained to accused); *Burden v. Alabama*, 584 F.2d 100, 102 (5th Cir. 1978) (Elements of carnal knowledge must have been explained to accused for plea to be valid; *Horsley v. United States*, 583 F.2d 670, 674 (3d Cir. 1978) (Rule 11 required explanation in open court of elements of conspiracy and substantive narcotics violations as to "'what basic acts must be proved to establish guilt.'"); *United States v. Coronado*, 554 F.2d 166, 172 (5th Cir.) *cert. denied*, 434 U.S. 870, 98 S.Ct. 214, 54 L.Ed.2d 149 (1977). (Rule 11 requires the court to assume an accused does not understand the meaning of conspiracy and explain it unless he clearly shows his understanding.) At the hearing on Sober's plea, few facts were elicited by the state judge although their existence was alluded to by Sober's counsel at the sentencing.

4. Both sides focused their arguments on the requirement of Montana law that a defendant be told the elements of the crime, based on a Montana statute interpreted in *State v. Azure*, 573 P.2d 179, 183 (Mont.1977). Appellee cited

a case that refused to apply *Azure* to the defendant retroactively, *In Re Little Light*, 598 P.2d 572, 574 (Mont.1979), but the facts in that case constituted a blatant, outrageous attempt to abuse his rights by a demanding and canny defendant. In another case decided that same year, however, the court did apply *Azure* retroactively, in part because it was equitable where the defendant would not be released but merely sent to trial, and in part because "[i]n any event, the rules stated in *Azure* and [*State v. Lewis*, 582 P.2d 346 (Mont.1978)] are not new. The law in both cases can be traced back through many years." *State v. Huttinger*, 595 P.2d 363, 369 (Mont.1979). *Azure* demanded that the court delve into specific matters and the defendant's understanding be clear on the record; *Lewis* approved a plea because the underlying facts were developed in great detail by the court. The District Court in the instant case must determine, in light of these cases and others decided since, whether the protections set forth in *Azure* and *Lewis* were available to Sober and, if so, whether they were breached in his case.