29 F.3d 633
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Patrick Thomas O'CONNELL, Petitioner-Appellant,
v.
Robert G. BORG, Respondent-Appellee.
 No. 93-55970.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 6, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Patrick Thomas O'Connell, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. O'Connell contends that his guilty plea was involuntary. We have jurisdiction pursuant to 28 U.S.C. Secs. 1291, 2253. We review de novo a district court's decision on a petition for a writ of habeas corpus. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993). We affirm.
 
 
 3
 While represented by counsel, O'Connell pleaded guilty to one count of second-degree murder on 17 January 1984. In his amended habeas petition O'Connell contends that his guilty plea was involuntary because he: (1) did not understand the element of malice aforethought when he entered his guilty plea to second-degree murder; (2) was not advised that he would have to serve at least fifteen years before being eligible for parole; and (3) did not receive work time credits as promised.
 
 
 4
 "A defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the [range of professional competence].' " Hill v. Lockhart, 474 U.S. 52, 56-57 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). To show ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Iaea v. Sunn, 800 F.2d 861, 964 (9th Cir.1986). The defendant must identify the particular acts that are alleged not to have been the result of reasonable professional judgment. See Strickland, 466 U.S. at 690. To satisfy the prejudice requirement, the defendant must show a reasonable probability that, but for the errors of counsel, he would not have pleaded guilty and would have insisted on going to trial. Hill, 474 U.S. at 59.
 
 
 5
 We find it unnecessary to decide whether O'Connell's counsel's conduct was unreasonable, because we conclude that O'Connell's allegations are insufficient to satisfy the prejudice requirement. See id. at 60.
 
 
 6
 O'Connell contends that he did not understand that malice aforethought was an element of second-degree murder. O'Connell admits that he killed the victim with malice, but argues that he never admitted to killing with malice aforethought. However, the transcript and the record belie O'Connell's contention. At the plea hearing, O'Connell acknowledged that he was entering his guilty plea with the advice and consent of counsel. Furthermore, O'Connell admitted killing the victim in violation of California Penal Code Sec. 187.[1] Then, before the court accepted O'Connell's guilty plea, the prosecutor stated: "I think he should be asked if he killed [the victim] with malice aforethought." The trial court noted that O'Connell had acknowledged that he killed with malice aforethought when he signed the document waiving his right to a jury trial and entering his plea. Before responding, O'Connell conferred with his attorney; O'Connell admitted his guilt and the trial court accepted his plea. Accordingly, the record demonstrates that O'Connell was aware that malice aforethought was an element of the crime of second-degree murder.[2]
 
 
 7
 O'Connell further contends that he was not advised of the fact that he would not be paroled until after serving at least fifteen years. O'Connell argues that his plea was involuntary because parole regulations were not explained to him. Again, the transcript and the record belie O'Connell's contention. The trial court specifically stated to O'Connell: "You understand that if you plead guilty to violating section 187 and 189 of the penal code, you could receive 15 years to life in state prison." We conclude that the trial court's statement sufficiently alerted O'Connell to the direct consequences of his plea. See Brady v. United States, 397 U.S. 742, 755 (1970). To the extent that O'Connell argues that he was misinformed about his earliest possible parole release date, we conclude that such an event, even if it true, does not render his plea involuntary. See Hill, 474 U.S. at 56 (stating that the constitution does not require the State to furnish a defendant with information about parole eligibility in order for the defendant's guilty plea to be voluntary); Torrey v. Estelle, 842 F.2d 234, 236 (9th Cir.1988); Carter v. McCarthy, 806 F.2d 1373, 1375 (9th Cir.1986).
 
 
 8
 O'Connell's contention that his plea was involuntary because he did not receive parole work time credits is similarly without merit. See Hill, 474 U.S. at 56; Torrey, 842 F.2d at 236; Carter, 806 F.2d at 1375.
 
 
 9
 Accordingly, O'Connell has not shown that he received ineffective assistance of counsel. See Strickland, 466 U.S. at 687; Iaea, 800 F.2d at 864. Therefore, O'Connell has not demonstrated that his plea was involuntary. See Hill, 474 U.S. at 56-57.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, O'Connell's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 California Penal Code Sec. 187 defines murder as "the unlawful killing of a human being, or a fetus, with malice aforethought." Section 189 delineates the degrees of murder
 
 
 [2]
 To the extent that O'Connell argues that the judge used the term "malice" instead of "malice aforethought," we conclude that the record demonstrates that O'Connell was sufficiently aware of all the elements of second-degree murder. See Sober v. Crist, 644 F.2d 807, 809 (9th Cir.1988) (per curiam) (stating that the record need not necessarily show that every element of the crime was explained in detail to the defendant; an explanation of the charge by the judge is sufficient). Moreover, because O'Connell conferred with his attorney after the prosecutor stated that O'Connell should be asked whether he committed the killing with malice aforethought, we conclude that O'Connell's plea was voluntary. See id. (stating that it may be appropriate to presume that in most cases defense counsel explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit)