69 F.3d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Franklin D. CUNNINGHAM, Petitioner-Appellant,
v.
Tana WOOD, Superintendent of Washington State Penitentiary,
Respondent-Appellee.
 No. 95-35396.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1995.*
Decided Oct. 20, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Franklin D. Cunningham, a Washington state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas corpus petition challenging his guilty plea to two counts of complicity to unlawful delivery of a controlled substance. Cunningham contends that the district court erred by denying his habeas petition without an evidentiary hearing. We review de novo. Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we vacate and remand.
 
 
 3
 Cunningham alleged that his guilty plea was not voluntary and intelligent because he was not informed of element of knowledge prior to entering his plea. The district court denied relief on the ground that Cunningham failed to show prejudice. The district court found that although the information was defective and neither the trial court nor defense counsel advised Cunningham of the knowledge element on the state court record, Cunningham was not prejudiced because he made a voluntary admission which indicated he knowingly agreed to obtain and sell the cocaine. The district court further found that Cunningham was not prejudiced because Cunningham failed to rebut the presumption that his defense counsel advised him of all the elements of the crimes charged. See Henderson v. Morgan, 426 U.S. 637, 646 (1976).
 
 
 4
 Cunningham contends that the district court erred by applying the Henderson presumption because there is no factual basis which supports the presumption. Cunningham further contends that, because the state court never resolved this issue or made any relevant finding of facts with respect to this issue, he is entitled to an evidentiary hearing. These contentions have merit.
 
 
 5
 "A habeas petitioner is entitled to an evidentiary hearing on a claim if (1) the petitioner's allegations, if proved, would entitle him to relief, and (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts." Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir.1992).
 
 
 6
 For a guilty plea to be valid, the defendant must have "received real notice of the true nature of the charges against him." Henderson, 426 U.S. at 644-45 (quotation omitted). Normally, the state record contains evidence that the trial judge or defense counsel explained the charges to the defendant. See id. at 646. However, "even without such an express representation, it may be appropriate to presume in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." Id.
 
 
 7
 The present record is insufficient to support the application of the Henderson presumption in this case. See Sober v. Crist, 644 F.2d 807, 809 (9th Cir.1981) (per curiam) (remanding for an evidentiary hearing to determine whether defense counsel apprised defendant of the elements of the offense charged). Accordingly, we remand this matter to the district court with instructions to conduct an evidentiary hearing on the issue of whether Cunningham's counsel advised him of the elements of the charges against him. See id.
 
 
 8
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3