No. 97-274 and 97-275

# IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

STATE OF MONTANA,

      Plaintiff and Respondent,

v.

GORDON M. SEES THE GROUND, JR.,

      Defendant and Appellant.



FILED

DEC 09 1997

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the Counties of Big Horn and Yellowstone,
The Honorable Maurice Colberg, Jr., Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Gordon Sees the Ground, Jr., Deer Lodge, Montana (pro se)

    For Respondent:

        Joseph P. Mazurek, Attorney General, Cregg W. Coughlin, Assistant
Attorney General, Helena, Montana; Christine A. Cooke, Big Horn County
Attorney, Hardin, Montana; Dennis Paxinos, Yellowstone County Attorney,
David Legare, Deputy Yellowstone County Attorney, Billings, Montana

Submitted on Briefs: October 30, 1997

Decided: December 9, 1997

Filed:

_____
Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Group.

Appellant appeals two felony convictions against him for DUI.

The issue is whether the State of Montana has jurisdiction to prosecute a member of the Crow Indian Tribe for DUI offenses committed off the reservation.

Appellant, Gordon Sees The Ground, Jr., was charged on December 5, 1995, in the Thirteenth Judicial District Court, Big Horn County, Montana, with DUI sixth offense, a felony, for driving a vehicle in the City of Hardin in violation of §§ 61-8-401(1)(a) and 714(4), MCA(1995). Appellant pleaded guilty to the offense on September 3, 1996. He was sentenced to the Montana Department of Corrections for four years under terms and conditions set forth in the sentence.

On January 10, 1996, Appellant was charged in the Thirteenth Judicial District, Yellowstone County, Montana, with DUI, a felony, for driving a vehicle in the City of Billings in violation of § 61-8-401, MCA and, in addition, was charged with driving a vehicle while his driver's license was revoked or suspended in violation of § 61-5-212, MCA (1995). He was tried by a jury and found guilty on the DUI charge. The State dismissed the charge of driving while his license was suspended. He was sentenced on February 28, 1997, to the

2

Montana Department of Corrections for one year to run consecutive to the sentence imposed in Big Horn County.

While Appellant discusses many subjects in his brief, his only argument is that the State of Montana has no jurisdiction over him because he is a member of the Crow Tribe and resident of the Crow Indian Reservation and cites the case of State of Minnesota v. Stone, 557 N.W.2d 588 (Minn. Ct. App. 1996). That case does not help Appellant here. The holding in that case was that the State of Minnesota had no jurisdiction to prosecute traffic violations committed on the White Earth Indian Reservation. Stone, 557 N.W.2d at 591-93. The instant case is factually distinguishable from Stone. In the instant case, Appellant was arrested, charged and convicted of driving while under the influence of alcohol within the city limits of Hardin, Montana, and Billings, Montana, both of which are clearly outside of the external boundary of an Indian reservation.

It is clear that the State has jurisdiction to prosecute an enrolled member of the Crow Indian Nation when an offense is committed outside Indian Country as defined in Title 18 U.S.C. § 1151. State v. Kills On Top (Lester)(1990), 241 Mont. 378, 388-89, 787 P.2d 336, 342-43; State v. Greenwalt (1983), 204 Mont. 196, 205-07, 663 P.2d 1178, 1182-83; State v. Bad Horse (1980), 185 Mont. 507, 515-16, 605 P.2d 1113, 1118; In re Little Light (1979), 183 Mont. 52, 54-55, 598 P.2d 572, 573.

The record shows that Appellant was operating a motor vehicle under the influence of an intoxicating substance within the Cities of Hardin and Billings. He was charged with

DUI, sixth offense, in Big Horn County. He pleaded guilty to that charge. The record, again, shows that Appellant was operating a motor vehicle under the influence of an intoxicating substance within the City of Billings and was charged by information in the Thirteenth Judicial District Court with DUI, a felony, in violation of § 61-8-401, MCA; and driving a vehicle while his license was suspended or revoked in violation of § 61-5-212, MCA. He was tried by a jury and was found guilty of DUI on January 7, 1997. The State dismissed the charge of driving while his license was suspended or revoked.

We hold that the sentencing courts had jurisdiction to conduct the proceedings against Appellant.

Because the other issues raised by Appellant have no relation to the charges or judgments against him, we will not address them.

We affirm the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices