**Carroll Harland WILLIAMS, Plaintiff-Appellant,**

v.

**Robert R. RAINES and Robert K. Corbin, Defendants-Appellees.**

**No. 85–1619.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 1985.

Decided Jan. 9, 1986.

Designated for Publication Feb. 28, 1986.

Francisco Leon, Tucson, Ariz., for plaintiff-appellant.

Ronald Chrismon, Asst. Atty. Gen., Phoenix, Ariz., for defendants-appellees.

Before BROWNING, SNEED and HUG, Circuit Judges.

SNEED, Circuit Judge:

Williams appeals from the district court's denial of his request for a writ of habeas corpus. We affirm.

## I.

### FACTS

On May 21, 1976, an indictment was filed in Pima County, Arizona, charging Williams with first-degree murder and three counts of first-degree rape. On August 31, Williams pled guilty to second-degree murder in exchange for the state's agreement to dismiss the charges in the indictment. The trial court accepted the plea and sentenced Williams to 60–90 years in prison. The Arizona Court of Appeals affirmed both the conviction and the sentence. Williams then sought habeas relief in the federal district court, arguing that his guilty plea was involuntary and that his attorney did not render him effective assistance. The court denied relief on December 24, 1984. Williams appeals from that order.

## II.

### ANALYSIS

A. *Voluntariness of the Plea*

Williams first contends that his plea was invalid because no one explained to him the meaning of the term "malice." He relies on *Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), in which the Supreme Court affirmed the granting of a writ of habeas corpus because a defendant who entered a guilty plea had not been told the elements of the offense to which he plead guilty.

There is precedent in this circuit for examining the trial court's disposition of such a claim under the clearly erroneous standard. *See, e.g., Stone · v. Cardwell*, 620 F.2d 212, 213 (9th Cir.1980) (per curiam).

The value of that precedent was rendered uncertain, however, by a recent en banc panel's review of this circuit's jurisprudence on standards of review. *See United States v. McConney*, 728 F.2d 1195 (9th Cir.1984) (en banc). In light of *McConney*, we should carefully examine earlier decisions prescribing such standards.

The voluntariness of the petitioner's plea is obviously a mixed question of law and fact. *McConney*'s major contribution to our jurisprudence is to require that most such questions be reviewed de novo. *Id.* at 1204. Nonetheless the *McConney* court did identify two special cases in which mixed questions should receive clearly erroneous treatment. One of these exceptions—"mixed questions in which the applicable legal standard provides for a strictly factual test, such as state of mind," *id.* at 1203—is arguably applicable here because the voluntariness of a plea depends in part on the criminal defendant's state of mind. Yet the issue also bears an overlay of policies and constitutional requirements that "require[ ] us to make value judgments about the law and its policy underpinnings." *Id.* at 1205. Accordingly, caution dictates that we assume, without deciding, that this question should receive the more careful appellate review provided by the de novo standard.

Williams's attorney, Mr. Hantman, could not specifically remember explaining to Williams the definition of malice. He did, however, make a general practice of explaining to his clients the elements of the crimes with which they were charged. He thought he probably did so with Williams. Moreover, although Williams did not specifically recall his attorney explaining the definition of malice, Mr. Hantman clearly told him that the trial court would not accept his plea if he insisted that the killing was accidental. At the plea hearing, the trial court asked Williams if he understood that "murder is the unlawful killing of a human being with malice." Williams responded affirmatively. *See* Appellant's Opening Brief at 3. On this record, the district

court concluded that Williams's plea was voluntary. We agree.

### B. *Effective Assistance of Counsel*

Williams also claims that his attorney did not render him effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because this contention also presents a mixed question of law and fact, we review the district court's rejection of it de novo. *E.g., Butcher v. Marquez*, 758 F.2d 373, 376 (9th Cir.1985).

Williams maintains that his counsel failed to explain the elements of second-degree murder because he was preoccupied with helping Williams avoid the death penalty. The district court found, to the contrary, that Williams's attorney did so apprise him. That determination was not clearly erroneous. Accordingly, we find, as did the district court, that Williams's ineffective assistance of counsel claim must fail for lack of a factual basis. The district court's refusal to grant a writ of habeas corpus is AFFIRMED.