**Mark HAYES, Petitioner-Appellee,**

v.

**Larry KINCHELOE,
Respondent-Appellant.**

**C.A. No. 85–3681.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 1985.

Decided March 19, 1986.

Thomas Hilliard, Federal Public Defender, Seattle, Wash., for petitioner-appellee.

Chris Quinn-Brintnall, Tacoma, Wash., for respondent-appellant.

Before WRIGHT, REINHARDT and BEEZER, Circuit Judges.

BEEZER, Circuit Judge:

The State of Washington appeals the district court's order granting Mark Hayes' petition for a writ of habeas corpus on the basis that Hayes' guilty plea was involuntary. We affirm.

## FACTS

On the evening of January 24, 1980, Hayes shot and killed Larry Jackson and Audrey Ellis outside a bar in Tacoma, Washington. Earlier in the evening, Hayes' acquaintance, Terrell Campbell, became involved in a quarrel with the two victims. Campbell left the bar and returned with Hayes and Hayes' girlfriend, Judy Wilson. The quarrel with the victims resumed outside the bar. Hayes went to his car, obtained a handgun, and eventually shot the victims. The record is ambiguous as to whether the shooting was deliberate and intentional or was accidental or in self defense. Hayes pleaded guilty to two counts of second degree murder and was sentenced to two concurrent life terms.

Hayes later sought post conviction relief by filing a personal restraint petition in the Washington Court of Appeals. Hayes contended that his plea was not made knowingly and intelligently. Specifically, Hayes argued that he was unaware that intent was a necessary element of second degree murder. Hayes stated that at the time of his arraignment he thought that he was pleading guilty to a strict liability offense, and would not have pleaded guilty had he known the state was required to prove intent.

The Washington Court of Appeals reviewed the record and denied relief. The court stated:

The record shows that petitioner received a copy of the amended information informing him of the elements of the crime. The Statement of Defendant on Plea of Guilty states that no undisclosed promises were made to him; such a statement should be accepted at face value. *In re Keene*, [95 Wash.2d 203, 622 P.2d 360] (1980). The factual basis for the plea was established both by petitioner's own statement and by the deputy prosecutor's recitation at the plea hearing, which established intent to kill. This is sufficient. *See State v. Newton*, [87 Wash.2d 363, 552 P.2d 682] (1976).

Hayes then filed a petition for discretionary review with the Supreme Court of Washington. The court denied the petition, stating:

The record ... discloses a sufficient basis for a finding of the requisite intent, even though petitioner's version of the offense does not of itself describe his intent. For example, among the facts recited by the prosecutor was that the victims had each been shot several times. To the extent that petitioner's real contention is that he was not properly *informed* of the intent element, the claim must still fail. He acknowledged that he had received a copy of the information, which set forth the intent element of the crime. Intent was also the subject of discussion at the hearing at which the plea was taken.

In short, the record here does not contain the degree of confusion and uncertainty which this court recently found to require a remand for further inquiry into the facts of the plea-taking. *In re Hews*, [99 Wash.2d 80, 88, 660 P.2d 263] (1983). Rather, a fair reading of the record as a whole shows that petitioner's plea was constitutionally voluntary, based on an adequate understanding of the nature of

the charge and having an adequate factual basis. *Id.* at 92 [660 P.2d 263].

Hayes then filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Washington. The district court referred the matter to a magistrate, who reviewed the record of state proceedings and decided that an evidentiary hearing was required. The magistrate took Hayes' testimony and accepted a deposition of John J. O'Connell, Hayes' former counsel. The magistrate found that Hayes' guilty plea was not voluntarily made since Hayes did not receive actual notice of the true nature of the charge against him, or possess an understanding of the law in relation to the facts. The magistrate therefore recommended that the court issue the writ of habeas corpus unless the state allowed Hayes to withdraw his plea. The district court adopted the magistrate's findings and conclusions and eventually issued the writ. The state appeals.

## STANDARD OF REVIEW

In the past, we reviewed a district court's findings as to voluntariness of a guilty plea under the clearly erroneous standard of review. *Stone v. Cardwell,* 620 F.2d 212, 213 (9th Cir.1980). The Supreme Court's decision in *Marshall v. Lonberger,* 459 U.S. 422, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983), and our decision in *United States v. McConney,* 728 F.2d 1195 (9th Cir.) (en banc), *cert. denied,* —— U.S. ——, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984), mandate rejection of the standard of review expressed in *Stone v. Cardwell.*

In *Marshall,* the Supreme Court stated that the requirements of 28 U.S.C. § 2254(d) do not apply in determining whether a plea was voluntary because "the governing standard as to whether a plea of guilty is voluntary for purposes of the Federal Constitution is a question of federal law and not a question of fact . . ." 459 U.S. at 431, 103 S.Ct. at 849 (citations omit-

ted). The Court distinguished questions of historical fact, and inferences drawn from those facts, which clearly are subject to the presumption of correctness afforded state court findings of fact by 28 U.S.C. § 2254(d). *Id.; see Diaz v. Martin,* 718 F.2d 1372, 1376 (5th Cir.1983); *Nash v. Israel,* 707 F.2d 298, 301 (7th Cir.1983).

Although the Supreme Court in *Marshall* focused solely on the standard of review of state court decisions by a federal court, the Court's reasoning applies with equal vigor to our review of district court findings. A question of law in the eyes of the district court remains a question of law in the eyes of an appellate court. Moreover, even if the voluntariness of a guilty plea were considered a mixed question of law and fact, our en banc decision in *United States v. McConney* would require de novo review. We generally review mixed questions de novo, especially when constitutional rights are involved. *McConney,* 728 F.2d at 1204.

■ Therefore, we review the district court's determination as to the voluntariness of the guilty plea de novo.[1] We will uphold the district court's finding of historical or subsidiary facts unless those findings are clearly erroneous, but we reserve the right to give different legal weight to such facts. *See Sumner v. Mata,* 455 U.S. 591, 597, 102 S.Ct. 1303, 1306–07, 71 L.Ed.2d 480 (1982) (per curiam); *Butcher v. Marquez,* 758 F.2d 373, 376 (9th Cir.1985).

## EXHAUSTION OF STATE REMEDIES

At oral argument, we asked counsel to discuss whether Hayes could have pursued relief under any other Washington procedural rules. In response, counsel for the state directed our attention to Washington Civil Rule 60(b) and Washington Criminal Rule 7.6. We hold that Hayes' pursuit of relief by means of a personal restraint petition and a petition for discretionary review sufficiently exhausted his state remedies.

---

1. We therefore decide the question that we left open in *Williams v. Raines,* 783 F.2d 774, 775

(9th Cir.1986).

■ The exhaustion requirement is a matter of comity, not jurisdiction. *Lindquist v. Gardner,* 770 F.2d 876, 877 n. 1 (9th Cir.1985). Our concern for comity between state and federal courts is satisfied if "the petitioner's federal claim has been 'fairly presented to the state courts.'" *Carothers v. Rhay,* 594 F.2d 225, 228 (9th Cir.1979) (quoting *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971)). If a petitioner presents his claim to the highest state court and that court disposes of the claim on the merits, the exhaustion requirement has been satisfied. *Jackson v. Cupp,* 693 F.2d 867, 869 (9th Cir.1982); *Batchelor v. Cupp,* 693 F.2d 859, 863 (9th Cir.1982), *cert. denied,* 463 U.S. 1212, 103 S.Ct. 3547, 77 L.Ed.2d 1395 (1983); *Carothers v. Rhay,* 594 F.2d at 228. Hayes presented his claim by means of a personal restraint petition to the Washington Court of Appeals and the Supreme Court of Washington. Both courts rejected the claim on its merits. Hayes, therefore, exhausted his state remedies.[2]

## PRESUMPTION OF CORRECTNESS OF STATE COURT FINDINGS

■ Generally, a federal court in a habeas corpus proceeding must accord a presumption of correctness to a state court's factual findings. 28 U.S.C. § 2254(d). The presumption of correctness adheres to appellate, as well as trial court determinations of fact. *Sumner v. Mata,* 455 U.S. at 592–93, 102 S.Ct. at 1304–05. The presumption of correctness does not apply to a state court's determination of legal questions or mixed questions of fact and law. *Id.* at 597, 102 S.Ct. at 1306–07; *Cuyler v. Sullivan,* 446 U.S. 335, 342, 100 S.Ct. 1708, 1714–15, 64 L.Ed.2d 333 (1980); *Pierre v. Thompson,* 666 F.2d 424, 427 (9th Cir. 1982). The presumption of correctness also does not apply when one of the exceptions listed in 28 U.S.C. § 2254(d) exists.

The decisions of the Washington courts that considered Hayes' personal restraint petition primarily reflect legal conclusions to which the presumption of correctness does not apply. To the extent the state court decisions reflect the factual finding that Hayes understood the nature of the charges against him, the decisions are not supported by the record upon which they are based.

The discussions of intent during the arraignment do not support the state courts' conclusion that Hayes understood the elements of second degree murder. The superior court judge did not recite the elements of the crime of second degree murder to Hayes at any time during the arraignment. At one point, the prosecutor explained to the judge why the charge of second degree murder was appropriate:

MR. CONNELLY [the prosecutor]: I think because of the fact that it seemed to be—after all the facts were gathered up by the police, while it was an intentional shooting, the circumstances are such that lack of premeditation on the part of Hayes that one expects to find under our new code. And likewise, the involvement of Campbell in this.

Well, he did go back and get Hayes. There is not proof that he knew or anticipated that Hayes was going to shoot.

THE COURT: I take it Campbell did not pull the trigger?

MR. CONNELLY: Campbell did not, and that is the reason from [sic] the charge [sic] from first degree.

THE COURT: I will accept the amended information in all respects. If you have your clients come forward with you, we can proceed with the acceptance of the pleas.

The record of this exchange is insufficient in three respects to support a finding that Hayes knew that intent was an element of second degree murder. First, the court's instruction to have the "clients come forward" suggests that Hayes was out of earshot. Perhaps he heard the discussion, but this is not apparent from the record. Second, the prosecutor's statements are not

---

**2.** Since Hayes exhausted his state remedies, we need not consider the effect of the state's earlier concession of exhaustion. *Cf. Batchelor v. Cupp,* 693 F.2d at 862–64.

clear or direct. A person who is not aware of the fine distinction between the legal terms of art, "premeditated," and "intentional," might have understood the prosecutor to be saying that while the police gathered facts that indicated an intentional killing, the facts were insufficient under the new code. Third, there is no reason to assume that Hayes should have been alerted to the necessary elements of the crime by the arguments of his adversary, the prosecutor.

Moreover, at the arraignment, both the prosecutor and the judge expressed significant confusion regarding the intent required for second degree murder. The following exchange between the court and the prosecutor shows that the discussions during the arraignment could not have informed Hayes fairly of the intent requirement of second degree murder:

THE COURT: Okay. What particular intent is required on second degree, Mr. Connelly?

MR. CONNELLY: Well, during the assault according to Mr. Hayes's statement, your Honor.

THE COURT: You feel it would be felony murder, you don't need to get in any particular intent?

MR. CONNELLY: That's correct. The fact of the matter is both these people were shot twice, one after the other.

In his plea form describing the crime, Hayes wrote: "... I went and got the gun, to scare him. Pookie and the girl started fighting and the big guy grabbed me and we started fight [sic] over the gun. The gun fired. It was all mixed up. I don't remember to [sic] much else until later."

This confusion over the intent required for second degree murder continued into the sentencing. Hayes said: "[T]he crime that was committed by me was not deliberate crime.... If I hadn't of maybe struggled with the guy, then maybe no one would have got [sic] shot or anything." The judge's comments indicate that Hayes' crime may not have been intentional: "Mr. Hayes' statement and perhaps the statements of everyone else would indicate serious doubt about whether anybody intended for anybody to get killed. I have trouble believing that anybody intended that somebody get killed in this."

■ Our examination of the record leads us to the conclusion that the record does not support the decisions of the state courts. Under 28 U.S.C. § 2254(d)(8), the state court factual findings are not entitled to a presumption of correctness. The magistrate, therefore, properly decided to accept additional evidence and render independent findings.

## VOLUNTARINESS OF GUILTY PLEA

Having considered the record, the deposition of Hayes' attorney, and Hayes' own testimony, the magistrate found that Hayes successfully rebutted the presumption that his attorney explained the element of intent to Hayes, that intent is a critical element of the charge of second degree murder, and that Hayes' "plea of guilty was not voluntarily made since he did not receive real notice of the true nature of the charge against him, or possess an understanding of the law in relation to the facts." [3]

3. The magistrate specifically found that:

The deposition of Hayes' defense attorney reveals a number of things. His attorney stated that he visited with Hayes in jail, over a dozen times, and that these visits were "substantial" visits. He found Hayes extremely intelligent, quite familiar with the aspects of criminal trials and the general things that had to be proven or shown. He recalled that he was of the opinion the state could prove first degree murder without much difficulty. He reached this conclusion relying primarily on the facts as stated in the police report. He

recalls being surprised that he was able to negotiate a plea to second degree murder. He also recalls, however, that any conversation with Hayes regarding Hayes' side of the story was minimal. He stated "the reason for that is that if we went to trial, and [Hayes] had stated certain things to me different than what occurred at the trial, it would cause me difficulty in representing him. So my conversations with Mark as to the actual events as he would state them were very very marginal, not much at all." (Deposition p. 12–13). At the time of the deposition, he had no recollec-

Because the record fails to disclose that the superior court judge explained the elements to Hayes, the crucial factual question is whether Hayes' attorney explained to Hayes the elements of second degree murder. The state argues that Hayes' counsel was an experienced criminal attorney and made a practice of explaining the elements to his clients. The attorney's regular practice might support a finding that he explained the elements of second degree murder to Hayes. The attorney's habits, however, are not conclusive. The magistrate had before him Hayes' own testimony, which directly controverted the state's assertions. The magistrate obviously found Hayes credible. Based on the record in this case, we cannot say that the magistrate's conclusions of historical fact were clearly erroneous.

■ Alternatively, the superior court judge could have established on the record that Hayes understood the elements of second degree murder and that his conduct was sufficient to constitute the offense charged. *See Nash*, 707 F.2d at 301–02. *Cf. Williams v. Raines*, 783 F.2d 774, 775 (9th Cir.1986) (rejecting claim of involuntary guilty plea because trial court asked defendant whether he understood specific element of offense in question); *Chua Han Mow v. United States*, 730 F.2d 1308, 1310 (9th Cir.1984) (rejecting claim of involuntary guilty plea because record conclusively showed that guilty plea was voluntary), *cert. denied*, — U.S. —, 105 S.Ct. 1403, 84 L.Ed.2d 790 (1985); *see also United States v. Diaz*, 733 F.2d 371, 374 (5th Cir. 1984) (rule 11 hearing revealed extensive questioning which assured voluntariness of guilty plea); *Smith v. Estelle*, 711 F.2d 677, 680–81 (5th Cir.1983) (record demonstrated voluntariness), *cert. denied sub nom. Smith v. McKaskle*, 466 U.S. 906, 104 S.Ct. 1685, 80 L.Ed.2d 159 (1984). The judge, prosecutor, and Hayes' attorney failed to inform him of the elements of second degree murder.[4] Hayes' guilty plea was involuntary because he did not possess an understanding of "the law in relation to the facts." *McCarthy v. United States,*

---

tion of sitting down and explaining the charge of second degree murder with Hayes but that that [sic] would be his "normal procedure". At several points in the deposition he stated the whole thrust of the defense in the latter stages was to persuade the prosecution to reduce the charge to second degree murder. At another point in the deposition he stated, "I don't recall discussing the specifics of second degree murder statutes with Mark. I don't really recall any conversation discussing that. I know we discussed the difference between first and second degree murder with reference to premeditation." (Deposition p. 11–12). Hayes' defense attorney was of the opinion that Hayes understood the crime to which he plead guilty, "because that was the amended information, the way it was amended, and that is what I anticipated it to be amended to." (Deposition p. 13). He stated "the matter was thoroughly discussed on a number of occasions to obtain some sort of favorble plea bargain." (Deposition p. 16).

At the evidentiary hearing Hayes testified that his attorney never explained the elements of second degree murder to him and, specifically, that he did not explain that he was charged with an intentional killing in the Amended Information. Hayes testified that his defense attorney never asked him how the shootings occurred. Hayes said he plead guilty because he did not want both he and his fiance to go to jail since his fiance, Judy Wilson, had just given birth to a child he had fathered. He stated his attorney never went over the amended complaint with him. Hayes states that at the time he plead guilty he had no understanding of the element of intent and that he would never have plead guilty had he known he was pleading to an intentional killing. He stated that trial tactics were never discussed. He stated he understood that premeditation was not an element of the crime to which he plead guilty.

On cross examination Hayes said that he did not recall the prosecutor reciting the facts that were being relied upon by the state. He stated that he did read the Amended Information but he did not understand it.

4. Because neither the judge, prosecutor, nor Hayes' attorney informed Hayes of the elements of second degree murder, we need not decide whether a state court judge has an unequivocal duty to establish on the record that a pleading defendant understands the elements of the charge. *Compare Nash*, 707 F.2d at 301–02, (judge has duty to establish on record that defendant understands elements of charge) *with Sober v. Crist*, 644 F.2d 807, 809–10 (9th Cir. 1981) (per curiam) (either trial record must show that charge was explained or it must be shown that defense counsel explained elements of charge).

394 U.S. 459, 466, 89 S.Ct. 1166, 1170–71, 22 L.Ed.2d 418 (1969); *Sober v. Crist*, 644 F.2d 807, 809 (9th Cir.1981) (per curiam).

We therefore affirm the judgment of the district court.

AFFIRMED.