**Daniel Francis LaMOTTE, Petitioner,**

v.

**John SLANSKY, Warden NNCC, Respondent.**

**No. CV–N–87–13–ECR.**

United States District Court, D. Nevada.

June 11, 1987.

**574**

Daniel Francis LaMotte, pro. per.

Office of the Atty. Gen. by John H. Cary, Deputy Atty. Gen., Carson City, Nev., for respondent.

## ORDER

EDWARD C. REED, JR., Chief Judge.

Daniel Francis LaMotte petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254.

On June 21, 1984, LaMotte pled guilty in the Ninth Judicial District Court of the State of Nevada to three counts of a seven count criminal information. Each of two of the counts to which he pled guilty charged him with causing the death of another while operating a motor vehicle under the influence of alcohol. The third count to which LaMotte pled guilty charged him with causing substantial bodily harm to another while operating a motor vehicle

under the influence of alcohol. The three counts alleged violations of NRS § 484.-3795. *See* Transcript of Change of Plea, Exhibit A to respondent's Answer to Petition for Writ of Habeas Corpus (docket # 4).

The information resulted from a single automobile accident that occurred on May 28, 1983. The accident involved a vehicle driven by LaMotte and another vehicle. Three people were in the vehicle struck by LaMotte's vehicle. Two were killed; the other was seriously injured.

LaMotte appeared for sentencing on July 17, 1984. After hearing the arguments of counsel and the testimony of a relative of the victims, the judge imposed a prison term of six years and a fine of $5,000 on each of the three counts to which LaMotte pled guilty. The three six-year prison terms were made consecutive. *See* Transcript of Sentencing, Exhibit B to respondent's Answer to Petition for Writ of Habeas Corpus (docket # 4); Judgment of Conviction, Exhibit C to respondent's Answer to Petition for Writ of Habeas Corpus (docket # 4).

LaMotte appealed to the Nevada Supreme Court. There he argued that his punishment, consecutive sentences resulting from a single act, is in violation of the double jeopardy clauses of the Nevada and United States Constitutions. *See* Appellant's Opening Brief, Exhibit D to respondent's Answer to Petition for Habeas Corpus (docket # 4). He urged the Nevada Supreme Court to reconsider its holding in *Galvan v. State*, 98 Nev. 550, 655 P.2d 155 (1982), which was directly against his position on appeal. On August 20, 1985, the Nevada Supreme Court dismissed LaMotte's appeal, declining to overrule its holding in *Galvan, supra*. *See* Order Dismissing Appeal, Exhibit F to respondent's Answer to Petition for Habeas Corpus (docket # 4).

The petitioner raises the same issue in this petition for habeas corpus that he raised before the Nevada Supreme Court on appeal. He argues that multiple convictions and consecutive prison sentences for

violations of NRS § 484.3795 arising from a single act violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

Because the Nevada Supreme Court ruled on the merits of the issue petitioner raises here, petitioner exhausted his available state court remedies. *See Hayes v. Kincheloe*, 784 F.2d 1434, 1437 (9th Cir. 1986) ("If a petitioner presents his claim to the highest state court and that court disposes of the claim on the merits, the exhaustion requirement has been satisfied.").

The facts of this case have been sufficiently developed in the state proceedings. The Court can see no factual disputes. The issues raised by this petition for habeas corpus relief are purely legal. Under 28 U.S.C. § 2254(d), then the Court need not conduct an evidentiary hearing. *See* Advisory Committee Note to Rule 8, following 28 U.S.C. § 2254.

In *Galvan, supra,* the Nevada Supreme Court faced the issue that petitioner presents to this Court. Galvan was convicted of two counts of causing the death of another while driving under the influence of alcohol, violations of NRS § 484.3795. He argued that, because both deaths resulted from the same accident, the two convictions amounted to double jeopardy. The court rejected the argument. It relied primarily on its perception of the legislature's intent in ruling that a course of conduct resulting in harm or death to multiple victims in violation of NRS § 484.3795 gives rise to multiple charges of violation of that section.

■ The holding in *Galvan* is consistent with the federal law of double jeopardy. A single act may form the basis for the prosecution of two distinct statutory offenses whenever conviction for each offense requires the proof of a fact that the other does not. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); *Colley v. Sumner*, 784 F.2d 984, 989 (9th Cir.1986). The *Blockburger* test may be satisfied despite a substantial overlap in the proof offered to establish the crimes. *Brown v. Ohio*, 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53

L.Ed.2d 187 (1977), *citing, Iannelli v. United States*, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293–94 n. 17, 43 L.Ed.2d 616 (1975). *See also Ashford v. Edwards*, 780 F.2d 405 (4th Cir.1985) (No violation of Double Jeopardy Clause where defendant was convicted of two counts of attempted armed robbery arising from one incident involving two victims.).

■ In the case at hand the offenses to which petitioner pled guilty would have required the proof of different facts. Specifically, the identities and injuries of the victims involved in the different counts to which petitioner pled guilty were distinct. The petitioner committed three separate crimes by killing or injuring three separate people. Separate, consecutive prison sentences for those crimes are not unconstitutional.

■ Even if the analysis under *Blockburger* led to a different conclusion in this case, a conclusion that petitioner committed only one offense under NRS § 484.3795, the intent of the Nevada legislature legitimizes multiple punishments for the commission of such offense. The Nevada Supreme Court found in *Galvan v. State, supra,* that the legislature intended to provide for multiple punishments under NRS § 484.3795 to reflect the number of victims of the conduct in violation of that section. This Court is bound to accept the Nevada court's construction of the Nevada statute. *See Missouri v. Hunter*, 459 U.S. 359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983); *O'Brien v. Skinner*, 414 U.S. 524, 531, 94 S.Ct. 740, 744, 38 L.Ed.2d 702 (1974). "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter, supra,* 459 U.S. at 366, 103 S.Ct. at 678. Because the Nevada legislature intended punishment under NRS § 484.3795 such as that imposed in this case, even if it is assumed, contrary to this Court's conclusion above, that petitioner committed only one offense, the punishment imposed for that offense was not in violation of the Double Jeopardy Clause.

The petitioner has not been subjected to multiple punishment in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

IT IS, THEREFORE, HEREBY ORDERED that Daniel Francis LaMotte's petition for a writ of habeas corpus is DENIED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment against petitioner and in favor of respondent.