951 F.2d 364
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco SOTO-TORRES, Defendant-Appellant.
 No. 91-10187.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Dec. 10, 1991.
Decided Dec. 19, 1991.
 
 Before WILLIAM A. NORRIS, BEEZER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Francisco Soto-Torres appeals his conviction for possession with intent to distribute marijuana. Soto-Torres contends that the waiver of his Miranda rights and his guilty plea were involuntary. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 * On October 14, 1990, Soto-Torres attempted to enter the United States from Mexico at the Douglas port of entry in Arizona. When Soto-Torres was diverted to secondary inspection, customs agents discovered 95 pounds of marijuana hidden in the side panels of his truck. Soto-Torres was subsequently taken into custody and advised of his Miranda rights. At that time, Soto-Torres executed a written waiver of his Miranda rights and agreed to make statements to customs agents without the assistance or presence of an attorney.
 
 
 4
 On November 7, 1990, Soto-Torres was indicted and charged with importation of marijuana in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(4) and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D).
 
 
 5
 On January 10, 1991, after the district court denied a motion to suppress statements elicited at the time of his arrest, Soto-Torres pleaded guilty to possession with intent to distribute marijuana and was sentenced to 27 months imprisonment.
 
 II
 
 6
 Soto-Torres first contends that the district court erred by failing to suppress statements elicited at the time of his arrest. Soto-Torres argues that the statements were obtained by customs agents through coercion and intimidation. Specifically, Soto-Torres contends that customs agents threatened to arrest his spouse and take custody of his children unless he confessed.
 
 
 7
 We review de novo a district court's determination that a criminal suspect's statement to law enforcement officers was voluntary. United States v. Wolf, 813 F.2d 970, 974 (9th Cir.1987).
 
 
 8
 An inculpatory statement is voluntary only when it is the product of a rational intellect and a free will. United States v. Guerrero, 847 F.2d 1363, 1365 (9th Cir.1988). The test is whether, considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement. United States v. Pinion, 800 F.2d 976, 980 (9th Cir.1986), cert. denied, 480 U.S. 936 (1987).
 
 
 9
 The testimony of Soto-Torres at his suppression hearing is devoid of any reference to threats against his person, his spouse or his children, and there is no other evidence in the record to suggest that the statements made by Soto-Torres were obtained by physical or psychological coercion or by improper inducement.
 
 III
 
 10
 Soto-Torres next contends that his guilty plea was involuntary because he did not understand the nature of the charge against him. Soto-Torres argues that, in accepting his guilty plea to possession with intent to distribute marijuana, the district court did not adequately explain the elements of the offense.
 
 
 11
 We review de novo a district court's determination that a guilty plea is voluntary. Hayes v. Kincheloe, 784 F.2d 1434, 1436 (9th Cir.1986), cert. denied, 484 U.S. 871 (1987).
 
 
 12
 In accepting a guilty plea, the district court must follow the procedures set out in Fed.R.Crim.P. 11. One of the requirements of Rule 11 is that the court address the defendant personally in open court and inform him of, and determine that he understands, "the nature of the charge" to which the plea is offered. Fed.R.Crim.P. 11. The sufficiency of the colloquy between the court and the defendant as to the nature of the charge depends upon "the peculiar facts of each situation, looking to both the complexity of the charges and the personal characteristics of the defendant, such as his age, education, intelligence, the alacrity of his responses, and also whether he is represented by counsel." United States v. Kamer, 781 F.2d 1380, 1384 (9th Cir.), cert. denied, 479 U.S. 819 (1986).
 
 
 13
 In this case, the district court advised Soto-Torres, who was represented by counsel, that he was charged with possession with intent to distribute less than 50 kilograms of marijuana. Soto-Torres admitted to possession of the marijuana and that he had agreed with a third party to transport the marijuana from Mexico to the United States. Soto-Torres further stated that he had discussed the charge with his attorney and understood the charge. The colloquy between the court and Soto-Torres satisfies us that Soto-Torres understood the nature of the charge against him.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3