972 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Eugene TAYLOR, Petitioner-Appellant,
v.
Eddie YLST, Respondent-Appellee.
 No. 90-16655.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 17, 1992.*
Decided Aug. 24, 1992.
 
 1
 Before KOZINSKI and DAVID K. THOMPSON, Circuit Judges, and KELLEHER, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Robert Eugene Taylor appeals the judgment of the district court denying his petition for writ of habeas corpus. Taylor seeks reversal on two grounds. First, he contends that the state court committed constitutional error by improperly instructing the jury on the specific intent element of attempted murder. Second, he asserts that the court should have declared a mistrial because of misconduct on the part of certain jurors. We have jurisdiction under 28 U.S.C. § 2253. We affirm.
 
 BACKGROUND
 
 4
 On December 8, 1986, Taylor was convicted by a California state trial court for the attempted murder of his former girlfriend's boyfriend Melvin Barnes and the murder of his former girlfriend Annislee Ashford. The California State Court of Appeals affirmed his conviction.
 
 
 5
 Exhausting his state remedies, Taylor filed his writ of habeas corpus in district court on June 23, 1989. The district court had jurisdiction pursuant to 28 U.S.C. § 2254. On September 28, 1990, the district court denied the petition.
 
 
 6
 In his petition, Taylor contended the state trial court had failed to instruct the jury that attempted murder required "express malice." The state court, however, did instruct the jury three times that it must find Taylor harbored the "specific intent" to kill. The district court found that the repetition of the specific intent requirement was sufficient to overcome the trial court's omission. The district court also made a finding of no prejudice.
 
 
 7
 Taylor next asserted that juror misconduct mandated a mistrial. In his motion for a new trial, Taylor attached the declarations of four jurors, relaying the alleged misconduct of other jurors. Two of the declarations stated that a juror had visited the scene of the crime to determine how long it would take for Taylor to meet the other suspect. The other declarations referred to a juror telling the jury that he had built the housing project in which the murder occurred. That juror allegedly commented on the evidence based on his knowledge of the project.
 
 
 8
 Both parties agreed that the matter would be decided by the trial court on the declarations of all the jurors. The prosecution submitted declarations from eleven of the twelve jurors, all denying the alleged misconduct. Three of the four jurors who had filed their declarations with Taylor recanted their stories. No evidentiary hearing was held. The trial court denied Taylor's motion for new trial.
 
 
 9
 The district court found that the state court's factual findings were entitled to a presumption of correctness. It also found that federal courts are not required to hold an evidentiary hearing on juror misconduct where the trial court is fully informed as to the nature and scope of the alleged misconduct. Accordingly, it upheld the trial court's decision.
 
 DISCUSSION
 
 10
 We review the district court's denial of a petition for writ of habeas corpus de novo. Carter v. McCarthy, 806 F.2d 1373, 1375 (9th Cir.1986), cert. denied, 484 U.S. 870 (1987). We review for clear error any factual findings made by the district court in deciding the petition. Hayes v. Kinchloe, 784 F.2d 1434, 1436 (9th Cir.1986), cert. denied, 484 U.S. 871 (1987).
 
 I. JURY INSTRUCTIONS
 
 11
 The only question for this Court to decide is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Estelle v. McGuire, --- U.S. ----, 112 S.Ct. 475, 482 (1991). In reviewing an ambiguous instruction, we inquire "whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way" that violates the constitution. Id.
 
 
 12
 Included in the trial court's instructions on the murder charge was an explanation of implied malice. The jury was not instructed that implied malice did not apply to attempted murder. Taylor argues that because the trial court failed to give an express malice instruction on the attempted murder charge, the jury might have convicted him under an implied malice theory. We need not reach the merits of this argument because the error, if any, was harmless beyond a reasonable doubt. See Willard v. People of State of California, 812 F.2d 461, 464 (9th Cir.1987).
 
 
 13
 This court has held that where the defense does not center on the element of intent, failure to give an instruction on specific intent is harmless beyond a reasonable doubt. Willard, 812 F.2d at 464. In Willard, 812 F.2d at 463, the petitioner's defense centered on an alibi and an unreliable witness. The jury rejected the defense and found the defendant guilty of aiding and abetting a robbery. We concluded in Willard that the verdict represented a finding that the defendant had knowledge, was present at the robbery and had either promoted or instigated it. Id. at 464. We reasoned that the jury also must have found that the defendant had the requisite specific intent to facilitate the crime. Because specific intent was not a "live issue" to the case and the verdict inferred a finding of specific intent, we found the court's error was harmless beyond a reasonable doubt. Id.
 
 
 14
 Similarly, Taylor's defense was that he was not at the scene of the crime and that the eye witnesses were unreliable. The jury rejected his defense. Under the challenged instructions, the verdict represents a finding that Taylor had knowledge of the gunman's unlawful purpose and by giving him the gun, aided in the attempted murder. Here, as in Willard, 812 F.2d at 464, the jury could not have found these elements without also finding that Taylor had the intent of aiding in the crime. Failure to instruct on the need for express malice was, thus, harmless beyond a reasonable doubt.
 
 II. JUROR MISCONDUCT
 
 15
 The state court's findings of fact are entitled to a presumption of correctness. Sumner v. Mata, 449 U.S. 544, 546-47. To overcome the presumption, Taylor must establish by convincing evidence that the factual determination of the state court was erroneous. 28 U.S.C. § 2254(d).
 
 
 16
 At the hearing on the motion for new trial, the trial court indicated that it had read all of the affidavits. When asked if he had anything further to add on his motion, Taylor's counsel stated only that he had some brief argument that would respond to the counter affidavits and the state's opposition. He never requested an evidentiary hearing.
 
 
 17
 The California State Court of Appeals determined that the matter was submitted on the basis of the conflicting affidavits. It noted that the affidavit filed by Taylor was contradicted by eleven others for the prosecution. Thus, it found that the trial court properly rejected Taylor's claim of juror misconduct.
 
 
 18
 We conclude that Taylor had a hearing within the meaning of § 2254(d). Both Taylor and the state were formally before the court. Taylor was given an opportunity to be heard and his claim received consideration. We do not think he has shown by convincing evidence that the state court's factual findings were erroneous.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Hon. Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3