988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald Emil DAWSON, Petitioner-Appellant,
v.
R. BORG, Warden, et al., Respondents-Appellees.
 No. 92-55083.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1992.*
Decided March 5, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. SA CV 90-669-AHS, Alicemarie H. Stotler, District Judge, Presiding.
 C.D.Cal.
 REMANDED WITH DIRECTIONS TO VACATE AND DISMISS.
 Before JAMES R. BROWNING, SCHROEDER and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Donald Emil Dawson appeals the denial of his 28 U.S.C. § 2254 (1988) habeas corpus petition. Because Dawson raises a new argument on appeal, we remand with directions to vacate and dismiss the petition for failure to exhaust.
 
 
 3
 Dawson shot and killed his ex-wife Dona Dawson on September 15, 1984. The following evidence was adduced at trial. He told a neighbor that he "had to do it." Dona's companion, Robert Baker, called shortly after the shooting. Dawson answered the phone, told Baker that he had killed Dona, and suggested to Baker that he ought to call the police. Dawson's words to the first deputy on the scene: "I shot her. I couldn't help it."
 
 
 4
 On November 19, 1986, a jury convicted Dawson of first degree murder with the use of a firearm. He was sentenced to prison for twenty-five years to life.[1] Dawson's habeas petition was dismissed by the district court on September 12, 1991. Denial of a habeas corpus petition is reviewed de novo. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991).
 
 
 5
 On appeal, Dawson offers four arguments in support of his contention that he received ineffective assistance of counsel at trial. Only three of those arguments were presented to the state appellate court on direct appeal,[2] and to the district court in Dawson's habeas petition. His assertion that trial counsel's closing argument was prejudicial has not heretofore been considered by any court.[3]
 
 
 6
 At the very outset, counsel argued as follows:
 
 
 7
 I am not here in any form to make an excuse for Donald Dawson. I am not here to justify what he did. I am not here to make excuses for him, to defend what he did in any fashion. I am here for one purpose, and that's to see that he is properly represented, and, secondly--secondly, that the evidence is properly interpreted.
 
 
 8
 Ordinarily, a "mixed petition" containing both exhausted and unexhausted claims must be dismissed. Rose v. Lundy, 455 U.S. 509, 520-21 (1982).[4] The state's failure to raise the exhaustion defense at either the federal district or appellate court level will, in some instances, make it appropriate to review such a mixed petition. Granberry v. Greer, 481 U.S. 129, 134-35 (1987). Thus,
 
 
 9
 if it is perfectly clear that the applicant does not raise even a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served even if the State fails to raise the exhaustion defense, the district court denies the habeas petition, and the court of appeals affirms the judgment of the district court forthwith.
 
 
 10
 Id. at 135.
 
 
 11
 Here, where Dawson's fourth argument may indeed raise "a colorable federal claim," and "presents an issue on which an unresolved question of fact or of state law might have an important bearing," it is "appropriate ... to insist on complete exhaustion" for both comity and judicial efficiency reasons. Id. at 134-35. As Dawson argued in his objections to the initial report and recommendation, the issue is whether trial counsel "subjected the prosecution's theories of first degree murder to the crucible of meaningful adversarial testing." See Wiley v. Sowders, 647 F.2d 642, 650-51 (6th Cir.) (petitioner "deprived of effective assistance of counsel when his own lawyer admitted his client's guilt" during closing argument; district court's denial of habeas corpus writ reversed because "[a] criminal defendant has a constitutional right to expect during trial that his attorney will, at all times, support him, never desert him, and will perform with reasonable competence and diligence"), cert. denied, 454 F.2d 1091 (1981). Here, counsel in closing argument not only conceded his client's act of killing, but said he was not there to justify or excuse it. That position raises a colorable issue that should be addressed by the state court system.
 
 
 12
 The state obliquely alludes to an exhaustion problem in its brief, but nonetheless attempts to convince this court that all four of Dawson's present arguments have been addressed below. We disagree. Dawson's argument regarding his counsel's closing remarks to the jury is clearly a new argument.
 
 
 13
 We direct the district court to vacate its ruling on the merits of the habeas petition and to dismiss the petition for failure to exhaust in the state courts. This permits Dawson to return to state court to exhaust and then, if appropriate, to pursue federal redress in a new petition to the district court.
 
 
 14
 REMANDED with directions to vacate and dismiss.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The weapons enhancement portion of Dawson's sentence was modified by the Appellate Departments of the Superior Court on March 13, 1990
 
 
 [2]
 The California Supreme Court denied Dawson's petition for review on June 6, 1990
 
 
 [3]
 The district court, obviously, is not to be faulted for failing to dismiss Dawson's petition as unexhausted. The petition when filed contained three arguments, all pertaining to the ineffective assistance of counsel issue: (1) counsel's 13-month delay in seeking a psychiatric evaluation of Dawson; (2) counsel's cross-examination of Dona Dawson's neighbor, Judy Kearns; and (3) counsel's failure to call additional "civilian" witnesses. We do not address the merits of these claims
 
 
 [4]
 It is well-settled that "the exhaustion rule requiring dismissal of mixed petitions, though to be strictly enforced, is not jurisdictional." Strickland v. Washington, 466 U.S. 668, 684 (1984) (citing Rose v. Lundy, 455 U.S. at 515-20). Exhaustion "is a matter of comity, not jurisdiction." Hayes v. Kincheloe, 784 F.2d 1434, 1437 (9th Cir.1986), cert. denied, 484 U.S. 871 (1987)