992 F.2d 1219
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ruben W. ESPINOZA, Petitioner-Appellant,
v.
Stephen F. PONTESSO, Warden, et al., Respondents-Appellees.
 No. 92-55948.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided May 3, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ruben W. Espinoza appeals pro se the denial of his 28 U.S.C. § 2254 habeas corpus petition. He contends that the district court erred by (1) denying his claim that the state courts' delay in deciding his direct appeal deprived him of due process, and (2) finding that he had failed to exhaust state remedies on his claim of sentencing error. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and affirm.
 
 
 3
 Espinoza was convicted of second degree burglary and sentenced to three years imprisonment. He filed a direct appeal on November 15, 1990. On February 27, 1992, he filed his federal habeas petition claiming that (1) the California Court of Appeal's delay in deciding his direct appeal deprived him of due process, and (2) the trial court improperly denied him 134 days sentence credit for time served. The district court denied the habeas petition on June 25, 1992. The California Court of Appeal affirmed Espinoza's conviction on September 11, 1992, and he filed a petition for review in the California Supreme Court on October 13, 1992. Appellees state that the California Supreme Court denied the petition for review on November 24, 1992.
 
 
 4
 First, Espinoza contends that the district court erred by denying his claim that the state courts' delay in deciding his direct appeal deprived him of due process. This contention lacks merit.
 
 
 5
 Normally, before a federal court will consider granting habeas relief, the petitioner must exhaust available state remedies either on direct appeal or through collateral proceedings. 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509, 515 (1982). To exhaust state remedies, the petitioner must fairly present his claim to the highest state court, and that court must dispose of the claim on the merits. Hayes v. Kincheloe, 784 F.2d 1434, 1437 (9th Cir.1986), cert. denied, 484 U.S. 871 (1987). Nevertheless, the petitioner need not exhaust state remedies "if the root of his complaint is his inability to do so." Coe v. Thurman, 922 F.2d 528, 530-31 (9th Cir.1990). Accordingly, the district court properly reached the merits of Espinoza's due process claim. See id.
 
 
 6
 In determining whether appellate delay amounts to a denial of due process, we consider the length of the delay, the reasons for the delay, the petitioner's assertion of his right to obtain an appeal, and prejudice to the petitioner. Id. (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)); see also United States v. Tucker, 964 F.2d 952, 954 (9th Cir.1992).
 
 
 7
 Here, when Espinoza filed his federal habeas petition, his direct appeal had been pending for one year and three months. The state courts ultimately decided the direct appeal within two years. This length of time is not particularly great. Cf. Coe, 922 F.2d at 531 (finding that "four years is an alarming amount of time"). On the other hand, the reason for the delay was a court reporter's dilatoriness, which is attributable to the state. See id. Moreover, Espinoza made some efforts, such as writing to the California Court of Appeal, to expedite his appeal. See. id. at 532. Nevertheless, he has not shown that his state court claims of improper jury selection and jury instructions were impaired by the two-year decision time. See id. Further, Espinoza cannot show prejudice regarding his sentencing claim because he did not raise it on direct appeal. See id. Given the length of the delay and the lack of prejudice to Espinoza, the district court did not err by denying his due process claim. See id. at 531.
 
 
 8
 Second, Espinoza contends that the district court erred by finding that he had failed to exhaust state remedies as to his sentencing claim. This contention lacks merit.
 
 
 9
 Exhaustion is excused "if there is no opportunity to obtain redress in a state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam); see also Coe, 922 F.2d at 530; cf. Aldan v. Salas, 718 F.2d 889, 891 (9th Cir.1983) (finding that appellate delay of four to six months did not meet either of the Duckworth criteria).
 
 
 10
 In the California Court of Appeal, Espinoza raised only claims regarding jury selection and jury instructions; in the California Supreme Court, he raised only claims regarding jury selection. He did not raise his sentencing claim in state court. Accordingly, he cannot show that the state courts' delay in deciding his direct appeal prevented him from exhausting state remedies regarding his sentencing claim. Cf. Duckworth, 454 U.S. at 3; Coe, 922 F.2d at 530. Espinoza states that appellate counsel denied his repeated requests to raise the sentencing claim on direct appeal. Nevertheless, no authority supports the proposition that counsel's actions may excuse failure to exhaust. Cf. Murray v. Carrier, 477 U.S. 478, 489 (1986) (ineffective assistance of counsel may establish cause for procedural default of habeas claim if petitioner first exhausts ineffective assistance claim in state court). Accordingly, the district court did not err by dismissing Espinoza's sentencing claim without prejudice.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3