995 F.2d 231
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Francis Lee JURCIN, Petitioner-Appellant,
v.
SUPERIOR COURT OF ARIZONA, in and for Maricopa County, et
al., Respondents-Appellees.
 No. 92-16169.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 26, 1993.
 
 Before HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Francis Lee Jurcin, an Arizona state prisoner, appeals pro se the summary dismissal of his 28 U.S.C. § 2254 habeas corpus petition. He contends that the district court erred by construing his filing as a habeas petition and finding that he had failed to exhaust state remedies. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and affirm.
 
 
 3
 On October 30, 1990, Jurcin was convicted of burglary and fraudulent schemes and artifices. On the same day, he filed in the trial court two pro se motions requesting transcripts to enable him to file an Ariz.R.Crim.P. 24.2 motion to vacate judgment. His attorney filed a notice of appeal. Jurcin filed a pro se petition for special action asking the Arizona Court of Appeals to stay the direct appeal and remand for the trial court to hear his Rule 24.2 motion. On February 15, 1991, the trial court denied the two pro se motions requesting transcripts. The appeals court declined jurisdiction over the special action petition on June 4, 1991. Jurcin then filed a special action petition in the Arizona Supreme Court, which declined jurisdiction on September 25, 1991. Jurcin filed a "Verified Petition for Writ of Special Action" in the district court on March 2, 1992.
 
 
 4
 In the federal petition Jurcin claimed that the Arizona courts denied him due process by refusing to hear his Rule 24.2 motion to vacate judgment. He contends that he was not required to exhaust state remedies because his filing in district court was not a habeas petition, but rather a civil rights complaint. He alternatively contends that he satisfied the exhaustion requirement by filing the special action petitions in the Arizona appellate courts.
 
 
 5
 Habeas corpus is the exclusive federal remedy for challenging the length of a state prison sentence. Marchetti v. Bitterolf, 968 F.2d 963, 966-67 (9th Cir.1992); Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir.1990), cert. denied, 111 S.Ct. 1090 (1991). Accordingly, the district court did not err by construing Jurcin's "Verified Petition for Writ of Special Action" as a habeas petition.
 
 
 6
 Normally, before a federal court will consider granting habeas relief, the petitioner must exhaust available state remedies either on direct appeal or through collateral proceedings. 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509, 515 (1982). To exhaust state remedies, the petitioner must fairly present his claim to the highest state court, and that court must dispose of the claim on the merits. Hayes v. Kincheloe, 784 F.2d 1434, 1437 (9th Cir.1986), cert. denied, 484 U.S. 871 (1987); see also Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir.1983) (even where issue to be raised in habeas proceedings has been finally settled in state courts, petitioner must await outcome of direct appeal before state remedies are exhausted, because direct appeal may result in reversal of conviction on other grounds). Nonetheless, the petitioner need not exhaust state remedies "if the root of his complaint is his inability to do so." Coe v. Thurman, 922 F.2d 528, 530-31 (9th Cir.1990) (no need to exhaust where petitioner claimed that excessive appellate delays in state court violated his right to due process).
 
 
 7
 Jurcin does not claim that he is unable to obtain review of his conviction in the Arizona courts; his quarrel is with the Arizona courts' refusal to permit him to obtain one type of review, a Rule 24.2 motion to vacate judgment. Accordingly, the exhaustion requirement applies. Cf. id. Moreover, Jurcin's special action petitions in the Arizona appellate courts did not satisfy the exhaustion requirement because the petitions were not decided on the merits. See Hayes, 784 F.2d at 1437. Accordingly, the district court did not err by dismissing Jurcin's habeas petition without prejudice.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3