142 F.3d 446
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Severiano ANTONIO-CRUZ, Defendant-Appellant.
 No. 97-30285.
D.C. No. CR-96-00153-WFN-1.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 29, 1998.
 
 Appeal from the United States District Court for the Eastern District of California, Win. Fremming Nielsen, Chief Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Severiano Antonio-Cruz appeals his conviction by guilty plea to conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. Antonio-Cruz contends that his guilty plea was not knowing and voluntary, and that his sentence contravened his written plea agreement. We review de novo the voluntariness of a guilty plea. See United States v. Kikuyama, 109 F.3d 536, 537 (9th Cir.1997). We review for clear error a district court's findings of fact regarding the validity of a plea. See Hayes v. Kincheloe, 784 F.2d 1434, 1436 (9th Cir.1986). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 Antonio-Cruz argues that his guilty plea was not knowing and voluntary because his limited education and English language skills prevented him from understanding the rights he waived and the penalties he faced as a result of pleading guilty. The record reveals that this claim is meritless. During an extensive colloquy conducted through a Spanish-language interpreter, Antonio-Cruz stated that he understood the charge against him and the consequences of pleading guilty. Further, Antonio-Cruz stated that he understood that the district court was not bound by the sentencing recommendation contained in the plea agreement and therefore had the discretion to disregard the recommendation and impose a longer sentence. Antonio-Cruz's plea was both knowing and voluntary. See Henderson v. Morgan, 426 U.S. 637, 645, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976) (stating that a guilty plea is voluntary if the defendant is informed of and understands the elements of the offense); United States v. Rubalcaba, 811 F.2d 491,494 (9th Cir.1987) (stating that solemn declarations in open court carry a strong presumption of verity); Fed.R.Crim.P. 11(c)(3).
 
 
 4
 Antonio-Cruz's contention that the sentence imposed by the court contravened his plea agreement by imposing a "probationary term" is equally unavailing. Antonio-Cruz pled guilty pursuant to Fed.R.Crim.P. 11(e)(1)(B), which stipulates that the district court is not bound by the sentencing recommendation contained in a plea agreement. See Fed.R.Crim.P. 11(e)(1)(B); cf. United States v. Kamer, 781 F.2d 1380, 1386 (9th Cir.1986) (discussing sentence that breaches plea agreement made pursuant to Fed.R.Crim.P. 11(e)(1)(A) and (C)).
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 344
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3