### UNITED STATES of America, Plaintiff–Appellee,

v.

### Wilson BIGMAN, Defendant–Appellant.

### No. 88–1703.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 1988 [*].

Withdrawn from Submission June 21, 1989.

Resubmitted June 12, 1990.

Decided June 18, 1990.

---

[*] The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Wilson Bigman, pro se.

Patricia A. Cangemi, Asst. U.S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before PREGERSON, CANBY, Jr. and BEEZER, Circuit Judges.

BEEZER, Circuit Judge:

Wilson Bigman appeals from the district court's denial of his 28 U.S.C. § 2255 motion. Bigman pleaded guilty to second degree murder and received an eighteen year sentence. Bigman's § 2255 motion challenged the effectiveness of counsel throughout his criminal proceedings. The district court summarily denied Bigman's motion. We vacate the district court's denial of Bigman's § 2255 claim based upon a challenge to the voluntariness of his plea and remand for an evidentiary hearing.

## I

■ We review *de novo* the denial of a § 2255 motion. *Roth v. United States*, 724 F.2d 836, 839 (9th Cir.1984). We review *de novo* a claim of ineffective assistance of counsel. *United States v. Austin*, 817 F.2d 1352, 1354 (9th Cir.1987).

■ Bigman argues that his counsel's performance was deficient during the presentencing proceedings which led to his plea of guilty. Specifically, Bigman contends that his counsel never explained to Bigman the *mens rea* element of the second degree murder charge to which he pleaded guilty.[1] Bigman contends that he was so grossly intoxicated when he committed the crime that he did not possess the requisite level of intent for a second degree murder conviction. Bigman argues that his counsel's alleged failure to apprise him of an essential element of the offense renders his plea involuntary as an unknowing and unintelligent choice among the options open to the defendant. *Hill v. Lockhart*,

474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985). *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), requires a defendant alleging ineffective assistance of counsel to show that counsel's performance was deficient and that prejudice resulted therefrom. *Id.* at 687, 104 S.Ct. at 2064. *Strickland* "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill*, 474 U.S. at 58, 106 S.Ct. at 370.

■ Due process requires that a defendant be apprised of the nature of the charges, including the element of intent, to which a plea of guilty is entered. *Henderson v. Morgan*, 426 U.S. 637, 645–46, 96 S.Ct. 2253, 2257–58, 49 L.Ed.2d 108 (1976); *Sober v. Crist*, 644 F.2d 807, 809 (9th Cir.1981) (per curiam). Bigman signed a plea agreement under which a first degree murder charge and other charges were dismissed in exchange for a plea of guilty to second degree murder.[2]

■ The transcript of the hearing for Bigman's change of plea indicates that Bigman "discussed" the plea with counsel. Bigman's trial counsel also submitted an affidavit stating that he "discussed" with Bigman the lesser included offenses of voluntary and involuntary manslaughter. After a complete review of defense counsel's affidavit and the transcript of the change of plea hearing, we are unable to conclude with certainty that Bigman in fact was apprised of the intent element of the crime to which he pleaded guilty. Because the record does not conclusively establish that Bigman was so apprised, we must vacate the district court's summary denial of Bigman's claim and remand for an evidentiary hearing. *Sober*, 644 F.2d at 810.

---

1. We have reviewed the entire record in this case and conclude that Bigman's § 2255 challenges based upon a claimed inability to understand English are meritless. A Navajo Indian, Bigman's proficiency in the English language was carefully explored by the trial court. Bigman's attorney also states in his affidavit that Bigman exhibited sufficient proficiency in the English language. The dialogue between the

court and Bigman in the record so demonstrates.

2. We note that the written plea agreement signed by Bigman, his counsel, and the Assistant United States Attorney lacks a statement of each of the elements of the second degree murder charge to which Bigman entered his guilty plea.

We do, however, caution the court, counsel, and future litigants to consider that the Supreme Court has noted in *Henderson* that "it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." *Henderson*, 426 U.S. at 647, 96 S.Ct. at 2258. We express no opinion as to whether Bigman was, in fact, apprised of the element of intent. We merely hold that such a conclusion cannot fairly be drawn from the record in this case. Accordingly, an evidentiary hearing is required. *Sober*, 644 F.2d at 810; *see also Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir.) (gathering cases), *cert. denied,* — U.S. —, 110 S.Ct. 195, 107 L.Ed.2d 149 (1989).

■ In the future the court would be well advised to establish on the record that the defendant understands the intent element of the crime to which a plea of guilty is entered. *See, e.g., Williams v. Raines*, 783 F.2d 774, 775–76 (9th Cir.1986) (upholding denial of a *Henderson* voluntariness challenge because the district court specifically questioned the defendant on the element of intent).

## II

■ For the first time on appeal Bigman says that his sentence must be vacated due to the district court's failure to comply with the requirements of Fed.R.Crim.P. 32(c)(3)(D).[3] Normally we will not address on appeal issues not raised in a § 2255 motion and passed upon by the district court. *See e.g., Willard v. California*, 812 F.2d 461, 465 (9th Cir.1987). "But this rule is not inflexible." *Quinn v. Robinson*, 783 F.2d 776, 814 (9th Cir.1986) (citing *Youakim v. Miller*, 425 U.S. 231, 234, 96 S.Ct. 1399, 1401, 47 L.Ed.2d 701 (1976)), *cert. denied*, 479 U.S. 882, 107 S.Ct. 271, 93 L.Ed.2d 247 (1986); *see also In re Howell*, 731 F.2d 624, 627 (9th Cir.), *cert. denied,* 469 U.S. 933, 105 S.Ct. 330, 83 L.Ed.2d 266 (1984). Thus "[w]e have discretion to de-

cide whether to address an issue that the district court did not reach if the question is a purely legal one and the record has been fully developed prior to appeal; in deciding whether to exercise this discretion we should consider whether the resolution of the issue is clear and whether injustice might otherwise result." *Quinn*, 783 F.2d at 814. We may also relax our normal practice if the alleged error is clear or plain. *Aguon v. Calvo*, 829 F.2d 845, 848 (9th Cir.1987).

■ In this case no factual inquiry is necessary. We need only apply settled law to the fully developed sentencing record before us. We also note the vital importance of accurate information in the presentence report. That information is important for proper sentencing and continues to affect an incarcerated defendant's treatment during later stages of the correctional process. *United States v. Kerr*, 876 F.2d 1440, 1445 (9th Cir.1989). Lastly, the failure of the district court to follow the procedures of Rule 32 constitutes clear error. *United States v. Fernandez–Angulo*, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc). Accordingly, we conclude that this court's discretionary review of Bigman's sentencing claim is proper.

■ Construing Bigman's *pro se* § 2255 motion and appeal liberally, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Tatum v. Christensen*, 786 F.2d 959, 963 n. 4 (9th Cir.1986) (per curiam), it is evident that Bigman contends that he was sentenced on the basis of inaccurate information in his presentence report. At sentencing, Bigman controverted the factual accuracy of matters contained in the presentence report. The district court failed to make the required findings or determinations required by Rule 32(c)(3)(D). Failure to follow the clear command of the Rule at the time of sentencing requires vacation of Bigman's sentence and resentencing in compliance with the Rule. *Fernandez–Angulo*, 897 F.2d at 1516.

---

**3.** Bigman also challenges the effectiveness of counsel at sentencing, although this claim was only vaguely pressed before the district court.

Because we vacate the sentence on other grounds this claim is moot.

CONCLUSION

Accordingly, we hold that Bigman is entitled to an evidentiary hearing at which the voluntariness of his plea is to be determined. If such determination is favorable to Bigman, he is entitled to a trial; if adverse, he is entitled to resentencing.

VACATED AND REMANDED.