967 F.2d 584
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harvey Clarence BUNKER, Petitioner-Appellant,
v.
Robert BORG, Warden, Respondent-Appellee.
 No. 90-15205.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1991.
Decided May 26, 1992.
 
 1
 Appeal from the United States District Court for the Eastern District of California; No. CV-87-1672-RAR
 
 
 2
 Raul A. Ramirez, District Judge, Presiding.
 
 
 3
 E.D.Cal.
 
 
 4
 AFFIRMED.
 
 
 5
 Before PREGERSON and O'SCANNLAIN, Circuit Judges, and BURNS,* District Judge.
 
 
 6
 MEMORANDUM**
 
 
 7
 Petitioner Harvey Clarence Bunker appeals the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. Bunker was convicted on the basis of his negotiated guilty plea of first degree robbery-felony murder in the Yuba County Municipal Court. He now challenges the conviction on the grounds that his guilty plea was involuntary and that his counsel was ineffective. We affirm.
 
 
 8
 Our review is de novo. Tatum v. Christensen, 786 F.2d 959, 963 (9th Cir.1986) (per curiam) (district court's denial of a habeas petition); Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986) (voluntariness of a guilty plea); United States v. Bigman, 906 F.2d 392, 394 (9th Cir.1990) (ineffective assistance of counsel).
 
 
 9
 * Voluntariness of the Guilty Plea
 
 
 10
 Bunker contends that his guilty plea to felony murder was involuntary because he was not informed of the mens rea element of robbery, which was the felony underlying his felony murder plea. A guilty plea is not voluntary in a constitutional sense unless the accused is informed of the mens rea element of the crime to which he is pleading. See Tamayo-Reyes v. Keeney, 926 F.2d 1492, 1494 (9th Cir.), rev'd on other grounds, 60 U.S.L.W. 4339 (U.S. May 4, 1992). If Bunker was not informed that robbery is a specific intent crime either by the court or by defense counsel, his plea violated due process. See Henderson v. Morgan, 426 U.S. 637, 646-47 (1976). Information Bunker received from each of these sources, the court and defense counsel, will be examined in turn.
 
 
 11
 It is evident from the plea colloquy that the court thoroughly explained to Bunker that under the felony murder rule he would be liable for the killing that occurred in the course of the robbery, regardless of whether such killing was intentional or not. From what can be adduced from the transcript of the plea colloquy, however, the plea-taking court, in its effort to clearly explain the mens rea element (or lack thereof) regarding the act of killing, failed to explain to Bunker that he was pleading to having a specific intent to commit a robbery. Bunker admitted that he committed a "robbery," but without any explanation from the court as to what such an admission entailed.
 
 
 12
 In the plea colloquy, however, defense counsel stated: "Harvey [Bunker], you and I have discussed the facts that you are charged with first degree murder as stated in Count I, and further charged with Count II, commission of a robbery; is that correct?" Bunker responded "yes." Thus, while the hearing transcript does not contain an actual description by defense counsel on the record of the specific intent element of robbery, it does include his representation, and Bunker's agreement, that they had discussed the robbery charge prior to the plea.
 
 
 13
 In Henderson, the Supreme Court addressed the government's concern that its ruling would "invite countless collateral attacks on judgments entered on pleas of guilty, since frequently the record will not contain a complete enumeration of the elements of the offense to which an accused person pleads guilty." 426 U.S. at 646-47. The Court stated that such fears were overstated, because "[n]ormally the record contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense has been explained to the accused." Id. at 647 (emphasis added). The Court went even further: "even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." Id. (emphasis added). The Supreme Court has subsequently applied the Henderson presumption to find a guilty plea voluntary under the Due Process Clause despite no mention in the plea colloquy of the mens rea element of the crime for which the plea was entered. See Marshall v. Lonberger, 459 U.S. 422, 436 (1983). This court has recently affirmed a denial of the writ of habeas corpus even though "the state record [was] silent on [a] critical element[ ] of [the prisoner's] offense, specific intent." United States v. Newman, 912 F.2d 1119, 1124 (9th Cir.1990) (emphasis added).[1]
 
 
 14
 The Henderson presumption that defense counsel informed the prisoner of the elements of the charged offenses appears to arise unless some special circumstances are present. Hence in Henderson itself, the Court stated that "[t]his case is unique because the trial judge found as a fact that the element of intent was not explained to [the accused]," and because the accused had an "unusually low mental capacity." 426 U.S. at 647. In this court's recent decision in Tamayo-Reyes, the Henderson presumption was overcome by the fact that the accused did not speak the same language as defense counsel, thus making the discussion of the charges unlikely. 926 F.2d at 1495.[2]
 
 
 15
 Defense counsel here expressly stated on the record that he had discussed the robbery count with Bunker. Further, even if defense counsel had not so stated, under Henderson a presumption would arise that counsel informed Bunker of the elements of the charges against him, since no special circumstances such as deficient mental capacity or inability to understand English have been alleged here. To the extend Bigman holds otherwise, it has been held inapplicable to state habeas proceedings by the Newman court. Under Henderson, a plea is voluntary under the Due Process Clause where the record contains a representation by defense counsel that he discussed with the accused the charges in the indictment. Hence we affirm the district court's determination that Bunker's guilty plea met constitutional standards.
 
 II
 Ineffective Assistance of Counsel
 
 16
 Bunker alleges that his conviction was not proper because he was denied effective assistance of counsel. He asserts that his counsel failed to conduct adequate factual investigation and legal research to provide him with a meritorious defense.
 
 
 17
 To successfully argue a claim of ineffective assistance of counsel, Bunker must establish that his counsel's performance was unreasonably deficient and that but for counsel's error, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 94 (1984). In evaluating this claim, a court must indulge a strong presumption that counsel's performance falls within a wide range of "reasonable professional assistance." Id. at 689.
 
 
 18
 Bunker has failed to meet the two-part Strickland test. He failed to allege facts that establish that counsel's performance was not consistent with sound trial strategy. "Counsel [does] not have a duty to pursue every possible line of defense where [he] reasonably [does] not believe [the defendant's] interests would be advanced." Iaea v. Sunn, 800 F.2d 861, 865 n. 4 (9th Cir.1986) (citing Tollet v. Henderson, 411 U.S. 258, 267-68 (1973)). Hence, we affirm the district court's decision on the issue of ineffective assistance of counsel.
 
 
 19
 AFFIRMED.
 
 
 20
 PREGERSON, Circuit Judge, Concurring Specially:
 
 
 21
 In light of the decision in Keeney v. Tamayo-Reyes, 60 U.S.L.W. 4339 (U.S. May 4, 1992), I concur in the result.
 
 
 
 *
 The Honorable James M. Burns, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 This court has held that a remand for an evidentiary hearing was appropriate where the hearing transcript and an affidavit from defense counsel merely indicated that the accused "discussed' the plea with counsel, because the court was "unable to conclude with certainty that [the defendant] in fact was apprised of the intent element of the crime to which he pleaded guilty." United States v. Bigman, 906 F.2d 392, 394 (9th Cir.1990). As a later decision of this court has pointed out, however, that "[u]nlike the case before us involving a state court record, Bigman was governed by Rule 11 standards." Newman, 912 F.2d at 1124 n. 6. "While Rule 11 sets forth the requirements for the entering of a plea in federal court, these requirements are not binding on a state court to the extent they are not grounded in the Constitution." Id. at 1123. Thus, in evaluating this state court plea, Newman rather than Bigman is controlling
 
 
 [2]
 The Supreme Court held in this case, however, that even if the accused had stated a constitutional claim by his allegation that the mens rea element of the offense was not adequately translated, he was only entitled to an evidentiary hearing to develop the facts of such inadequate translation if he could show cause and prejudice for failing to have developed such facts in state court. Tamayo-Reyes, 60 U.S.L.W. at 4340