983 F.2d 1078
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shirley S. COBLE, Defendant-Appellant.
 No. 91-36049.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 8, 1992.*
Decided Jan. 6, 1993.
 
 Before WALLACE, Chief Judge, EUGENE A. WRIGHT and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Coble appeals the district court's denial of her 28 U.S.C. § 2255 motion to vacate, set aside or correct her sentence. We review de novo, United States v. Bigman, 906 F.2d 392, 394 (9th Cir.1990), and we affirm.
 
 
 3
 Coble argues on appeal for the first time that she was not competent to plead guilty because she was taking the drug Tofranil. Normally, this court "will not address on appeal issues not raised in a § 2255 motion and passed upon by the district court." Id. at 395. We decline to do so here.
 
 
 4
 Because Coble's plea was voluntary, intelligent and knowing, we decline to consider her collateral attack on her conviction for violation of 18 U.S.C. § 924(c), carrying a firearm during and in relation to a drug trafficking offense. See United States v. Broce, 488 U.S. 563, 569 (1989) (collateral attack of conviction upon a guilty plea is ordinarily confined to whether plea was counseled and voluntary). We also reject her assertion that the section 924(c) conviction lacked factual support, necessitating an evidentiary hearing. We review the denial of an evidentiary hearing for abuse of discretion. Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991).
 
 
 5
 "[A] guilty plea conclusively proves the factual allegations contained in the indictment." United States v. Mathews, 833 F.2d 161, 164 (9th Cir.1987). Absent an involuntary plea, the district court had no reason to question the factual support for the conviction. It did not abuse its discretion in denying an evidentiary hearing.
 
 
 6
 Finally, we reject Coble's claim that her sentence should be reduced because of her substantial assistance to the government. Because she was proceeding pro se and we construe pro se pleadings liberally, we address this issue on the merits. See McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir.1992).
 
 
 7
 Coble asks us to find that the district court erred in not departing downward on the basis of substantial assistance, despite the government's failure to move for a departure. A court may grant departure for such assistance absent a government motion, if the court finds that "the prosecution has acted with 'bad faith or arbitrariness that might conceivably present a due process issue.' " United States v. Mena, 925 F.2d 354, 355 (9th Cir.1991) (quoting United States v. Smitherman, 889 F.2d 189, 191 (8th Cir.1989), cert. denied, 494 U.S. 1036 (1990)); see United States v. Wade, 112 S.Ct. 1840, 1843-44 (1992) (courts can grant remedy when refusal to file motion is based on unconstitutional motives such as race or religion). Courts have denied departure absent an express promise by the government or binding language in a plea agreement. See United States v. Goroza, 941 F.2d 905, 909-10 (9th Cir.1991); Mena, 925 F.2d at 356.
 
 
 8
 Under Coble's plea agreement, 13 counts were dismissed. Downward departure was not mentioned. She did not object to the presentence report or at sentencing. Nor does she argue that the government's refusal to depart was arbitrary or based on an unconstitutional motive.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3