112 F.3d 517
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Lee ALEXANDER, Defendant-Appellant.
 No. 96-15033.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 25, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Lee Alexander, a federal prisoner, appeals pro se the denial of his third 28 U.S.C. § 2255 motion challenging his 1982 guilty plea conviction of bank robbery in violation of 18 U.S.C. § 2113(a). Alexander contends that his plea was involuntary; he was denied counsel during critical stages of the case; he received ineffective assistance of counsel; and, he was denied the right to a speedy trial.[1] We have jurisdiction pursuant to 28 U.S.C. § 2255. We review for abuse of discretion when the district court denies consideration of the merits of a petition on grounds that it is successive or abusive. See Campbell v. Blodgett, 997 F.2d 512, 516 (9th Cir.1993).
 
 
 3
 Under the rules governing section 2255 motions, a successive motion may be dismissed if:
 
 
 4
 the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules. Rule 9(b) 28 U.S.C. foll. § 2255.
 
 
 5
 Here, Alexander's speedy trial claim was resolved on the merits in a previous petition. See United States v. Alexander, No. CR-S-057-PMP (D.Nev. July 15, 1993) (order). Accordingly it is successive. See See Rule 9(b) 28 U.S.C. foll. § 2255; Sanders v. United States, 373 U.S. 1, 15-16 (1962); Molina v. Rison, 886 F.2d 1124, 1127 (9th Cir.1989).
 
 
 6
 Alexander's remaining claims constitute an abuse of the writ, because he failed to show or even allege cause for not raising his claims in his earlier habeas petitions[2] or that a fundamental miscarriage of justice would result from failing to address his claims. See Rule 9(b) 28 U.S.C. foll. § 2255; cf. McClesky v. Zant, 499 U.S. 467, 493-94 (1991). Accordingly, the district court did not abuse its discretion by denying Alexander's third section 2255 motion. See Campbell, 997 F.2d at 516. All Alexander's remaining contentions lack merit.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not address Alexander's Fed.R.Crim.P. 11 contention, because he raises it for the first time on appeal. See United States v. Bigman, 906 F.2d 392, 295 (9th Cir.1990)
 
 
 [2]
 We do not address Alexander's contention raised for the first time on appeal that he did not present his claims in his earlier petitions because he was not allowed access to the district court records. See Bigman, 906 F.2d at 395. We note however that his contention is not supported by the record