**UNITED STATES of America, Plaintiff—Appellant,**

v.

**Jose MEJIA–GARCIA, Defendant— Appellee.**

**No. 03–30175. D.C. No. CR–02–00009–HA.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 7, 2004.

Decided Jan. 21, 2004.

---

Allan M. Garten, Kent S. Robinson, USPO–Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellant.

Jindrich Henry Langer, Attorney at Law, Salem, OR, for Defendant–Appellee.

Before GRABER, TALLMAN, and CLIFTON, Circuit Judges.

## MEMORANDUM *

The government appeals from the district court's order dismissing the indictment charging defendant with one count of illegal reentry in violation of 8 U.S.C. § 1326, and two counts of illegal reentry in violation of 8 U.S.C. § 1325(a). The government contends that the district court erred by determining that the defendant's Sixth Amendment speedy trial right was violated. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

We review de novo a district court's dismissal of an indictment based upon the Sixth Amendment right to a speedy trial. *See United States v. Lam*, 251 F.3d 852, 855 (9th Cir.2001). The district court's factual findings are reviewed for clear error. *United States v. Beamon*, 992 F.2d 1009, 1012 (9th Cir.1993).

■ We conclude that the fourteen month delay was presumptively prejudicial; therefore, we must apply the balancing test set out in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). *See United States v. Murillo*, 288 F.3d 1126, 1132 (9th Cir.2002). Because the delay was fairly extensive and this was a simple, non-death penalty case, the length of delay factor weighs in favor of the defendant. *See Lam*, 251 F.3d at 856–57. However, we attribute the delay to the defendant because his counsel requested five continuances to complete discovery and to further investigate the defendant's case. *See id.* at 857.

In addition, the district court clearly erred when it concluded that the defendant asserted his right to a speedy trial. Because defendant's counsel moved for five continuances and defendant signed two declarations indicating that he agreed to all of those continuances, this factor weighs in favor of the government. *See id.* at 859; *see also Murillo*, 288 F.3d at 1132.

Finally, the defendant failed to meet his burden of establishing actual prejudice because he really wanted to plead guilty and receive a shorter sentence, and offered only a general allegation that he experienced a memory lapse because of the de-

---

lay. These contentions are insufficient to establish prejudice under *Barker v. Wingo*. *See Lam*, 251 F.3d at 860.

Because the *Barker v. Wingo* factors cumulatively weigh in favor of the government, the district court erred by concluding that the defendant's Sixth Amendment right to a speedy trial was violated.

■ The district court declined to rule on the defendant's claim that his right under the Speedy Trial Act ("STA"), 18 U.S.C. § 3161, was violated. Nevertheless, the record is sufficiently developed because the district court conducted a hearing and the parties briefed the statutory issue. Therefore, we will exercise our discretion to rule on this claim. *See United States v. Bigman*, 906 F.2d 392, 395 (9th Cir.1990). The district court granted five continuances, finding that each was necessary in the interests of justice to provide defendant with more time to investigate his case. The district court also found that each continuance was properly excludable under the STA, 18 U.S.C. § 3161(h)(8)(A). Because the district court identified the relevant portions of the STA, found excludable delay, and did so on facts stipulated by the defense, the factual determinations underlying the orders are not clearly erroneous. *See United States v. Brickey*, 289 F.3d 1144, 1150–51 (9th Cir.2002). Accordingly, we find no violation of the defendant's right under the STA.

Because the district court erred by dismissing the indictment, we reverse and remand to the district court for reinstatement of the indictment.

**REVERSED and REMANDED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.